### No. 9043

### Orleans Appeal

---

### MRS. AMELIA MULL, Appellant, v. SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD

(June 22, 1925, Opinion and Decree)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Associations—Par. 21.**
A false statement by an applicant for fraternal benefit insurance to the effect that he had not consulted a physician for five years and was "never sick" voids the certificate of insurance subsequently issued by the fraternal benefit society when the application contains a clause stipulating that any false statement contained therein shall vitiate the insurance. Particularly is this true when the applicant is shown to have been suffering with tuberculosis at the time the application was executed.

Appeal from Civil District Court. Hon. Hugh C. Cage, Judge.

This is a suit for fraternal benefit insurance. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Hall, Monroe & Lemann, Walter S. Suthon, Jr., attorneys for plaintiff and appellant.

Dart, Kernan & Dart, attorneys for defendant and appellee.

WESTERFIELD, J. Plaintiff alleges that she is the widow of the late Abraham Braswell and the beneficiary under a certain death benefit certificate in the sum of one thousand ($1000.00) dollars, issued by the defendant, a fraternal benefit society, in the name of her late husband on February 5, 1920; that her husband died in this city on December 13, 1921, in good standing with the defendant society and having paid all dues and premiums, she prays for judgment for the amount of the certificate.

Defendant, denying all liability, specially pleads "that the late Abraham Braswell in order to induce it to issue its certificate of membership and to insure his life, made application in writing, which application under its terms and under the terms of the said certificate of membership * * * together with the constitution, laws and by-laws, constituted the entire contract between it and the late Abraham Braswell, and * * * that the said membership was issued on the faith of the declarations contained in said application"; that in said application deceased made false answers to certain questions, as follows:

1st. In answering "No" to the following question:

Question: "Have you consulted or been attended by any physician for any injury, for the past five years?"

Answer. "No."

2nd. In answering "No" to the following question:

Question. "Have you ever had any injury or disease not referred to above?"

Answer. "No."

3rd. In not filling out and giving therein a full and complete answer to the following form contained in said application and as set forth herein, and making false answer therein as follows:

| Disease or Injury. | Date. | Duration. | Was Recovery Complete. |
|---|---|---|---|

Never Sick.

Name and Address of Medical Attendant:

------------------------------------------------
------------------------------------------------
------------------------------------------------
------------------------------------------------

4th. By stating in said written application that he was in sound bodily health and mind, and that he had no injury or disease that would shorten his life.

5th. In answering, "I did," to the following question contained therein:

Question. "Did you drink wine, spirits or malt liquors?"

Answer. "I did."

6th. In answering "No" to the following question:

Question. "Have you been intoxicated within the past year?"

Answer. "No."

Further answering, defendant avers that at the time the application for the certificate of insurance was executed and the answers to the interrogatories contained therein given, (January 26, 1920), deceased was not in good health but, on the contrary, was suffering from pulmonary and intestinal tuberculosis and that the false representations and warranties of plaintiff voided the certificate of insurance issued to him under the following provisions contained in the application of plaintiff:

"I hereby certify, agree and warrant that I am of sound bodily health and mind, that I am temperate in habits and have no injury or disease that will tend to shorten my life. I hereby consent and agree that this application, consisting of two pages, to each of which I have attached my signature, and all the provisions of the constitution and laws of the society, now in force or that may hereafter be adopted, shall constitute the basis for and form a part of any beneficiary certificate that may be issued to me by the Sovereign Camp of the Woodmen of the World, whether printed or referred to therein or not.

"I hereby certify, agree and warrant that all the statements, representations and answers in this application, consisting of two pages as aforesaid, are full, complete and true, whether written by my own hand or not, and that any statements made by me for reinstatement shall be warranties, and I agree that any untrue statements or answers made by me in this application, or in any application for reinstatement, or to the examining physician, or any concealment of facts in this application or to the examining physician, intentional or otherwise, or my being suspended or expelled from or voluntarily severing my connection with the society, or if I fail to comply with the laws of the society, now in force or hereaftre adopted, my beneficiary certificate shall become void and all rights of any person or persons thereunder shall be forfeited."

There was judgment below rejecting plaintiff's demand and she has appealed.

The evidence satisfies us as it did the judge of the trial court that plaintiff's husband was sick when he applied for insurance in the defendant society and that he knew of his illness, which was of a serious nature, and withheld these facts from defendant and gave false answers to the interrogatories propounded by the application blank prepared by defendant. There is some testimony to the contrary but it is given by laymen who say in effect that they knew the deceased and saw him often and observed no sign of illness and that he worked steadily at his trade of mattress maker. We can not accept this testimony as against physi-

cians, who declare that the deceased was in an advanced stage of tuberculosis when they were consulted, shortly after the application of deceased was executed and that deceased stated he had been ill for two years. Two doctors have testified to this effect and we see nothing to discredit their testimony.

Plaintiff's counsel contends that all representations and warranties contained in the application of deceased were waived by defendant because of a medical examination conducted by the physician of the defendant before the issuance of the certificate of insurance. In other words, in requiring deceased to submit to a medical examination by its own physician and issuing the certificate upon his report, defendant is estopped from questioning plaintiff's state of health which was presumably satisfactory to it or the certificate would not have been issued. We do not find anything in the record which indicates that such medical examination was made by defendant's physician and, moreover, the contract of insurance between the parties stipulates that all statements in the application are warranties and if false the contract is void.

Act No. 52 of 1906 provides that all statements purporting to have been made by an insured shall, in the absence of fraud, be deemed representations and not warranties. In consequence of this act statements made by parties applying for insurance need not be literally true but true according to the best of declarant's knowledge and belief. Cole vs. Mutual Life Ins. Co., 129 La. 704, 56 South. 645.

This act, however, does not apply to the instant case. First, because we find decedent's statements to have been made in bad faith, and secondly, because Section 4 of Act 256 of 1912 exempts fraternal benefit societies from the provisions of all laws relating to insurance unless such societies are specially mentioned therein.

For the reasons assigned the judgment appealed from is affirmed.