No. 632

First Circuit

McCONATHY v. NORTH AMERICAN ACCIDENT INSURANCE CO.

(June 30, 1930. Opinion and Decree.)

L. D. Woosley, of Leesville, attorney for plaintiff, appellee.

Thompson & Ferguson, of Leesville, attorneys for defendant, appellant.

ELLIOTT, J. Sam D. McConathy brought suit against North American Accident Insurance Company on a policy which it had issued to him insuring his health, claiming $25 per week for 13 weeks and 6 days, amounting in the aggregate to $346.42, and for legal interest thereon from July 20, 1926.

He further claims of the defendant, in addition thereto, the sum of $346.42 with legal interest and attorney's fees thereon as a penalty, under section 3 of Act No. 310 of 1910, a total of $692.84, interest and attorney's fees not counted.

Defendant denies owing the alleged indebtedness. It alleges in its answer that plaintiff, in making his application for insurance, did not make a true disclosure of his previous and existing illness. That he

28

secured the policy through fraud and misrepresentation in his application, which misrepresentations caused the policy to be null and void. That the policy provides that the disease must have been contracted more than 30 days subsequent to the issuance of the policy. That plaintiff's illness arose less than 30 days after the issuance of the same. That plaintiff failed to give notice of other insurance, as required by the provisions of the policy.

Defendant prayed that plaintiff's demand be rejected, but prayed in the alternative, and in case it was deemed liable, that it be held liable only for such portion of the indemnity claimed, as said indebtedness bears to the total amount of like indebtedness on all policies covering the same illness, and for the return of such part of the premium as shall exceed the prorata for the indebtedness thus determined.

Judgment was rendered in favor of the plaintiff for $346.42 claimed under the policy, but his demand for a like sum as penalty was refused.

The defendant appealed, and the plaintiff, answering the appeal, prays that this court allow the sum claimed as penalty.

Act No. 97 of 1908 provides that when a health insurance policy has issued without a medical examination it shall be presumed, whenever it appears that the agent of the company has had an opportunity to ascertain the true condition of the health, habits, or occupation of the assured, and has certified to the company the desirability of the risk, that the knowledge acquired, or which might have been acquired with reasonable diligence by the agent in securing the application, has been disclosed to his principal, and that it shall be further presumed that the company has waived its right to claim forfeiture of the policy, based on the grounds that the insured did not make true answers in the application as to health, habits, occupation, etc., whenever it shall appear that the agent knew or might have ascertained, with reasonable diligence, the true condition of the applicant's health, etc., and knowledge of the agent in writing the application, or of the collector of the company in collecting the premiums from the assured, shall be imputed as notice to the company as to the health, habits, or occupation of the assured.

The policy sued on bears date June 1, 1926. The plaintiff testified that he was in good health at the time the policy issued; that he was taken suddenly sick July 18, 1926, and his evidence is not disputed. He further states that defendant's agent came to his house, solicited and obtained the insurance, filled out the blank which contains the answer which defendant sets up, and upon which the policy was obtained, and signed plaintiff's name to the same. According to the plaintiff, and his evidence is not contradicted, defendant's agent and plaintiff both lived at the time at Anacoco, which we understand is a small town in the parish of Vernon. The premium was paid to this agent, forwarded to the defendant, favorably acted on, and the policy sued on issued to the plaintiff. Under the showing made, defendant's agent will be presumed to have had an opportunity to ascertain all the necessary facts concerning plaintiff's health, and certified same to the company. And the defendant company is further presumed to have waived its right to ask for the forfeiture of the policy on account of the answers of the insured in making his application for insurance.

But the court erred in rendering judgment in favor of the plaintiff for $346.42 under the policy, because the evidence shows that defendant's alternative demand was well pleaded.

The policy sued on contains the following stipulation:

"If the insured shall carry with another company—, other insurance covering the same loss, without giving written notice to the company, then in that case, the company shall be liable only for such portion of the indemnity promised, as the said indemnity bears to the total amount of like indemnity in all policies covering such loss, and for the return of such part of the premium paid as shall exceed pro rata, for the indemnity thus determined."

When plaintiff accepted the policy sued on he agreed to this stipulation, and it is binding on him. Civil Code, arts. 1901 and 1945.

The evidence shows that plaintiff carried insurance in the Massachusetts Protective Assurance Association, Inc., covering the same illness for which he claims indemnity from the defendant, and collected indemnity on said account under said policy from Massachusetts Protective Association, and did not give written notice to defendant of this policy in Massachusetts Protective Association, Inc., as he should have done, and as the policy sued on required him to do.

Plaintiff's failure to give such notice does away with his right to the penalty claimed under Act No. 310 of 1910, sec. 3. Defendant is furthermore liable as a result, "only for such portion of the indemnity promised as the said indemnity bears to the total amount of like indemnity, in all policies covering such loss, and for the return of such part of the premium paid as shall exceed the pro rata for the indemnity thus determined." And the lower court should have so decreed. The lower court correctly held that defendant had waived the forfeiture urged in its answer, but its alternative demand and the above policy stipulation was not waived. The evidence does not show, however, how much Massachusetts Protective Association, Inc., paid the plaintiff on account of the illness of which he likewise claims indemnity of the defendant, and the amount cannot be determined from the record as presently made up.

The situation is such that we cannot render on this appeal the judgment that should have been rendered in the lower court. The case must therefore be remanded and re-opened for evidence on the subject mentioned.

For the reasons stated, the judgment appealed from, to the extent that the forfeitures urged in defendant's answer are not sustained, is correct, and it is in that respect affirmed. But said judgment is contrary to the law and the evidence and therefore erroneous, to the extent that it is in favor of the plaintiff and against the defendant for $346.42, with interest thereon, and the policy stipulation above mentioned is not indorsed against the plaintiff.

The said judgment is therefore annulled, avoided; and set aside, and the case is remanded to the lower court for a new trial. The new trial to be for the purpose of receiving evidence in order to ascertain and to enable the lower court to determine the amount of indemnity, if any, due the plaintiff by the defendant, under the policy stipulation mentioned, after taking into account the amount of indemnity due and received by the plaintiff from Massachusetts Protective Assurance Association, Inc., under the policy in that company.

Judgment to be then rendered in the lower court as the evidence shows to be proper in the case.

Defendant to pay the cost of the present suit in the lower court, plaintiff the cost of this appeal. Future cost to be paid as the law requires.