BRUNOT, J.
 

 This is a suit by the beneficiary named in an insurance policy issued by the defendant company on the life of Sophie Eddins. The policy contained the usual forfeiture clauses, and, after being in force for some time, it lapsed for nonpayment of the premiums due thereon. A few months thereafter the insured complied with the requisite provisions of the contract, and the policy was reinstated. Upon the death and proof of death of the insured, the defendant refused to pay
 
 *645
 
 the beneficiary the sum of the insurance, blit tendered her the total sum of the premiums paid on the policy. The beneficiary sued for double the amount of the policy and for attorney’s fees. The district court rejected her demand for double the amount of the policy and for. attorney’s fees, but rendered judgment in her favor for the amount of the policy.
 

 On appeal, the Court of Appeal avoided and reversed the judgment and rejected the demands of plaintiff at her costs in both courts. On application to this court for a writ of review the writ was granted, the record has been sent up, and is now before us for consideration.
 

 The defense to the suit is twofold, viz.: That the insured, in her original application for the insurance, and also in her application for the reinstatement of the policy, made false statements as to her health at the time said applications were made, and of her treatment and examination by physicians pri- or thereto.
 

 The Court of Appeal found, as a fact, that the insured had made false statements as to her health, etc., in both the original application and the application for the reinstatement of the policy, and that neither application was attached to the policy. It held, however, that, inasmuch as the original application for the insurance was not attached to the policy, the false statements made therein did not bar recovery, but as to the application for the reinstatement of the policy it held that the false statements made by the insured therein did bar recovery. We quote from the court’s opinion the following:
 

 “But, while we find and hold that the defendant cannot take advantage even of .the fraudulent misrepresentations made by the insured in her application and medical examination, the policy was duly lapsed for nonpayment of weekly premiums. The defendant required written answers to certain questions before this forfeiture would be set aside. The evidence is conclusive that the insured’s statement made for the purpose of reviving the policy was fraudulently false. This being true, the revival was void. Act No. 227 of 1916 does not apply to the written statement made for the purpose of reviving a policy after it lapses for nonpayment of premiums, and we find no law denying to the defendant its defense set up as to the fraudulent representation made for the purpose of reviving the policy.”
 

 The ruling of the Court of Appeal as to applications for the reinstatement of a lapsed insurance policy is in direct conflict with the decision of this court in Fisette v. Mutual Life Ins. Co. of New York, 162 La. 620, 110 So. 880, 882. In that case the court found that the reasons of the Court of Appeal for holding that Act No. 227 of . 1916 does not apply to an application for the reinstatement of an insurance policy are too technical, and it held as follows:
 

 “The language of the statute is plain and vigorous in its requirement that every life insurance policy shall contain the entire contract between the parties; that nothing shall be incorporated therein by reference to . the application or any other document unless the same is indorsed upon or attached to the policy; that all statements purporting to have been made by the insured shall, in the absence of fraud, be deemed representations and not warranties; and that no statement of the insured shall be used in defense of a claim under the policy, unless it is contained in a written application, and unless a copy of such statement is indorsed upon, or attached to, the policy. And the Legislature made the statute a matter of public policy
 
 *647
 
 by providing that its provisions could not be dispensed with by consent of the parties.”
 

 The Fisette Case was thoroughly considered by this court. The legal question presented in this case is exactly the same as was presented in that case, and this court there found that its decision on the question was supported by the weight of authority in other jurisdictions. Until the Legislature amends the statute with respect to applications for the reinstatement of lapsed insurance policies, the decision in the Fisette Case will be adhered to.
 

 For the reasons stated, the judgment of the Court of Appeal is avoided and reversed, and the judgment of the district court is reinstated and made the final judgment of this court, with the costs in all courts.