## JONES v. INTERNATIONAL ORDER OF TWELVE OF KNIGHTS AND DAUGHTERS OF TABOR FOR THE GRAND TEMPLE AND TABERNACLE OF LOUISIANA.*

### No. 14324.

Court of Appeal of Louisiana. Orleans.

May 8, 1933.

Chas. J. Mundy, of New Orleans, for appellant.

Bentley & Dumestre, of New Orleans, and Geo. Thurber, of Shreveport, for appellee.

JANVIER, Judge.

Plaintiff, Tommy Jones, appeals from a judgment dismissing, on exception to the jurisdiction ratione personæ, his suit against "International Order of Twelve of Knights and Daughters of Tabor for the Grand Temple and Tabernacle of Louisiana." Plaintiff alleges that he is named beneficiary in a policy of endowment insurance issued by defendant on the life of his father. He avers that his father has died, and that defendant refuses to make payment to him in accordance with the provisions of the policy.

The suit was filed in the civil district court for the parish of Orleans. Defendant avers that its domicile is in the parish of Caddo, and on this averment bases a plea to the jurisdiction of the civil district court for the parish of Orleans. In support of this exception to the jurisdiction, defendant calls our attention to article 162 of the Code of Practice of Louisiana, which provides that: "It is a general rule in civil matters that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his domicile or residence. * * *"

Plaintiff, apparently conceding that defendant's domicile is not in the parish of Orleans, nevertheless asserts that, since he himself, the beneficiary, is domiciled in the parish of Orleans, the courts of this parish have jurisdiction, and he maintains that the right of the courts of the parish of Orleans to hear the matter results from subdivision 10 of article 165 of the Code of Practice, which, as amended by Act No. 130 of 1926, provides that: "* * * The defendant may be sued * * * in case of life insurance, at the domicile of the deceased or his beneficiary. * * *"

If subdivision 10 of article 165 of the Code of Practice, as amended by Act No. 130 of 1926, is applicable to suits against such organizations as defendant, then, of course, the plea to the jurisdiction must fail because this is a suit on a life insurance policy and the beneficiary resides in the parish of Orleans. But it appears from the allegations made by plaintiff himself in the petition that defendant is "an incorporated fraternal organization existing under the laws of Louisiana." Therefore it and persons dealing with it are controlled by the special laws of Louisiana governing such fraternal organizations, and we find, in section 4 of Act No. 256 of 1912, which is the statute enacted for the creation and control of such organizations, that they are "exempt from all provisions of

---

*Rehearing denied June 12, 1933.

the insurance laws of this State, not only in governmental relations with the State, but for every other purpose, * * *" and we also find in the same section that "no law hereafter enacted shall apply to them, unless they be expressly designated therein."

■ In Act No. 130 of 1926, which permits suits "in case of life insurance" to be brought at the domicile of the insured or his beneficiary, there is no reference to fraternal associations or organizations. It follows that that statute is in no way effective so far as such organizations are concerned. Since the general rule as set forth in Code Prac. art. 162 requires that a defendant be sued at its domicile, and since the exception set forth in subdivision 10 of article 165, Code Prac., has no application to such a defendant as is now before us, it follows that the suit should have been brought at its domicile, or possibly, though we do not find it necessary to so hold, in the parish in which it has a subordinate lodge. So far as Orleans parish is concerned, we find no allegation that any subordinate lodge is maintained in that parish, and, in fact, the petition itself avers that the deceased was a member of a subordinate lodge located in Mansfield, La., which is not within the parish of Orleans. That statutes concerning insurance companies cannot be held applicable to fraternal organizations contemplated by the act of 1912, unless such organizations are especially referred to therein, has been several times held. In Mull v. Sovereign Camp W. O. W., 2 La. App. 401, we held that Act No. 52 of 1906, which provides that all statements purporting to have been made by an insured shall, in the absence of fraud, be deemed representations and not warranties, cannot be applied in suits against fraternal associations because "Section 4 of Act 256 of 1912 exempts fraternal benefit societies from the provisions of all laws relating to insurance unless such societies are specially mentioned therein." In Oglesby v. Life Insurance Co. of Virginia, 12 La. App. 311, 313, 124 So. 551, 552, the Court of Appeal for the Second Circuit, although it held that the statutes involved in that particular case were applicable to the defendant, said that this applicability resulted from the fact that defendant was an insurance company and not a fraternal association. The court used the following language: " * * * Conceding that insurance policies issued by fraternal societies and associations to their members are not, under the provisions of Act No. 256 of 1912, affected by either Act No. 52 of 1906, as amended, or Act No. 97 of 1908, it is sufficient to state that it is not suggested that defendant is a fraternal society or that its business was conducted on the fraternal plan. * * *"

In Sheridan v. Thibodaux Benev. Association, 19 La. App. 762, 772, 134 So. 360, 141 So. 488, 489, the court held certain statutes applicable to defendant, Thibodaux Benevolent Association, but did so for the reason that it found that that association was not a fraternal insurance society, but differed very little, if at all, from an insurance company incorporated for commercial purposes. The court, referring to the purposes and objects of fraternal societies and associations, said: "We cannot say that we read in the organization of the Thibodaux Benevolent Association any such kind of society."

It is true that in Jackson v. Unity Indust. Life Ins. Co., 142 So. 207, 211, we considered the effect of future legislation on Act No. 65 of 1906, under which industrial life insurance companies are created and governed and in which section 7 provides: " * * * That no law, hereafter passed, shall be held or deemed to refer to the business of industrial life insurance unless the same is expressly referred to in said law."

And we realize that we held certain subsequent statutes to be applicable to such companies, although in none of the statutes there under consideration were industrial life insurance companies referred to. But we find that the language of section 7 of Act No. 65 of 1906 is sufficiently different from that contained in section 4 of Act No. 256 of 1912 to form the basis on which that case may be distinguished from this. Here the statute declares that such fraternal organizations are exempt from the provisions of all future statutes which do not particularly refer to them. In the Jackson Case we called particular attention to the fact that section 7 of Act No. 65 of 1906 did not exempt industrial insurance companies from future legislation, unless especially referred to, but declared that future legislation should not be "deemed" or "considered" as referring to such industrial life insurance companies, and we said: "In enacting section 7 of Act No. 65 the Legislature of 1906 prescribed a rule for the construction of future statutes with reference to any insurance companies; the rule being that no future legislation on the subject of life insurance should be 'held,' or 'deemed' applicable to industrial companies, unless such future Legislatures should refer expressly to such companies. The word 'held' and the word 'deemed,' as we view them, mean construed or interpreted. It may have been entirely within the power of that Legislature to so provide, but it was equally within the power of all subsequent Legislatures to express, in subsequently adopted legislation, a different intent, and such different intent was plainly expressed in the various statutes to which we have referred."

Here no question of interpretation of future statutes is involved.

■ Then, too, since the enactment of section 4 of Act No. 256 of 1912, the courts, as we have already said, have many times held that general insurance statutes are not ap-

-plicable to fraternal benefit associations, -whereas the reverse of this situation existed ·with reference to industrial life insurance companies, which we were considering in the Jackson Case. There we said: "We have been unable to find that, since the enactment of Act No. 65 of 1906, any court has discussed the effect of section 7 of that act on future legislation; but we do find that, in a very large number of cases, more than twenty-five, in fact, the later statutes to which we have referred have been applied to industrial insurance companies. It is only fair to say that in none of those cases was section 7 of Act No. 65 of 1906 discussed or considered, and that in only one of them, Oglesby v. Life Ins. Co. of Virginia, 12 La. App. 311, 124 So. 551, 552, did the court discuss the question of the general applicability of all-inclusive statutes to particular or special corporations. In such situation, where, for more than twenty-five years, statutes have been held applicable to industrial insurance companies, courts should, of course, be very loath to upset a rule which has become so firmly established. Tessier v. Jacobs, 164 La. 239, 113 So. 833."

We conclude that the exception contained in subdivision 10 of article 165, Code Prac., is not applicable to fraternal benefit associations and that therefore the courts of the parish of Orleans are without jurisdiction in this matter, and consequently, that the exception was properly sustained.

The judgment appealed from is affirmed.

Affirmed.