## McBRIDE v. ACME INDUSTRIAL LIFE INS. SOC.*

### No. 14607.

Court of Appeal of Louisiana. Orleans.
Oct. 16, 1933.

Rehearing Denied Oct. 30, 1933.

Charles J. Rivet, of New Orleans, for appellant.

Herman L. Midlo, of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit by a beneficiary to recover the sum of $35, the face value of an industrial life insurance policy. The defense is that at the time the deceased made application for the policy he warranted that he was in good health, whereas after the issuance of the policy it developed that he was suffering from cancer of the stomach from which he died, and that the policy contained a provision that no benefits would be due from death resulting directly or indirectly from diseases contracted before the delivery of the policy.

There was judgment in favor of the plaintiff as prayed for, and defendant has appealed.

The case was referred to the court en banc, upon request of the attorney for both parties because, counsel for defendant contends, that there was a conflict between the decisions of this court with reference to the application of Act No. 52 of 1906 as amended by Act No. 227 of 1916, and Act No. 97 of 1908 to industrial life insurance companies.

The case was tried on the following statement of facts:

"The policy sued on was issued by the defendant to George McBride on September 19, 1932.

"The total premiums paid on the policy amounted to $2.10 which paid it up to November 1st, 1932.

"George McBride was admitted to the Charity Hospital on November 3rd, 1932, and discharged November 9, 1932. His complaint was diagnosed as cancer of the stomach.

"George McBride was re-admitted to the Charity Hospital on November 11, 1932; he was operated on November 18, 1932, and died at 12:45 a. m. November 19, 1932, of carcinoma of stomach.

"It is admitted that Dr. Faris testified that the cancer of which George McBride died was of more than three months duration.

"It is admitted that George McBride may not have known that he had a cancer.

"It is admitted that George McBride was not examined by a physician on behalf of the defendant prior to the issuance of the policy.

"It is admitted that no copy of the application signed by George McBride was attached to the policy.

"The foregoing is subject to legal objections as to admissibility, and the right is reserved to object to the admissibility of the hospital record and of the application signed by George McBride."

Counsel for plaintiff, in accordance with his reservation, objected to the introduction of any evidence tending to show that deceased made a statement that he was in good health, first, because the application is not annexed to the policy, and, second, because the insured was not examined by a physician prior to the issuance of the policy, relying on the provisions of Act No. 52 of 1906, as amended by Act No. 227 of 1916 and Act No. 97 of 1908.

Counsel for defendant counters by saying that under the provisions of section 7 of Act No. 65 of 1906 no law thereafter passed by the Legislature should be held to apply to industrial life insurance companies unless expressly referred to, and as the Legislature in enacting Act No. 52 of 1906 as amended by Act No. 227 of 1916 and Act No. 97 of 1908, did not eo nomine refer to Industrial Life Insurance Companies, they have no application. He attacks the soundness of our conclusions in the case of Jackson v. Unity In-

dustrial Life Ins. Co. (La. App.) 142 So. 207, and Jones v. International Order of Knights, etc. (La. App.) 148 So. 73, holding to the contrary and relies upon the case of Mull v. Sovereign Camp, W. O. W., 2 La. App. 401.

While this argument is interesting and not lacking in persuasion, we believe it sufficient to say that the Supreme Court and the Courts of Appeal of this state have in a great many cases applied the acts in question to suits on Industrial Life Insurance policies, and in the two cases under attack we gave a full and complete explanation of the law with reference to the subject. We, therefore, adhere to our original views. Whitmeyer v. Liberty Industrial Life Ins. Co., Inc., 166 La. 328, 117 So. 268; Eddins v. National Life & Accident Ins. Co., 173 La. 644, 138 So. 430; Evans v. Orleans Industrial Life Ins. Co., 19 La. App. 408, 140 So. 507; Williams v. Unity Industrial Life Ins. Co., 14 La. App. 680, 130 So. 561; McConathy v. North American Accident Ins. Co., 14 La. App. 27, 129 So. 238; and Oglesby v. Life Ins. Co. of Va., 12 La. App. 311, 124 So. 551.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.