## LEWIS v. METROPOLITAN LIFE INS. CO.
### No. 4843.

Court of Appeal of Louisiana. Second Circuit.

Jan. 9, 1935.

Spencer, Gidiere, Phelps & Dunbar, Louis B. Claverie, and Wood Brown, all of New Or-

leans, and Scarborough & Barham, of Ruston, for appellant.

W. E. McBride, of Ruston, for appellee.

DREW, Judge.

The following is the petition filed by the plaintiff:

"I. That petitioner is the duly appointed, qualified and acting administratrix of the Succession of Arthe Lewis, who died, intestate, at his domicile and place of residence in Lincoln Parish, Louisiana, on or about January 15, 1930.

"II. That Metropolitan Life Insurance Company, a corporation organized under the laws of the State of New York, authorized to do, and doing, business in the State of Louisiana, with the Secretary of State, East Baton Rouge Parish, Baton Rouge, Louisiana, as the person upon whom to serve legal process, is justly and legally indebted unto petitioner, in her capacity as administratrix of the Succession of Arthe Lewis, in the full and true sum of $501.84, with interest thereon at the rate of six per cent per annum from January 17, 1933, until paid, for the reasons hereinafter set forth.

"III. That under date of January 1, 1930, said Company, for a valuable consideration, issued to, and on the life of, said Arthe Lewis, an insurance policy known as Monthly Premium Industrial Policy, being numbered 835453-M, in the amount of $500.00, calling for the payment of a monthly premium of $1.84 on the part of said insured, and providing for the payment of the sum of $500.00 to said insured when he had reached the age of 74 years, or in the event of his prior death, to pay the said sum to the Administrator or Administratrix of the said insured, all as is more fully shown by said policy which is attached hereto and made a part hereof for the purpose of showing rem ipsam, being marked Plaintiff 'A' for identification.

"IV. That the said insured, Arthe Lewis, died at his residence in Lincoln Parish, Louisiana, on or about January 15, 1930, while said policy was in full force and effect, and that under the terms of said policy your petitioner, in her capacity as Administratrix of the Succession of said Arthe Lewis, was and is entitled to be paid by defendant, Metropolitan Life Insurance Company, the sum of $500.00, being the face value of said policy.

"V. That under date of January 17, 1933, petitioner filed with said defendant due proof of death of the said insured, made proper claim and due proof of premium payments under the terms of said policy, and offered to surrender said policy to said defendant upon due payment being made thereunder, but that said defendant has declined and refused to make payment to petitioner in accordance with the terms of said policy.

"VI. That the insured, at the date of his death, had paid the premiums on said policy not only for the time it had been in effect, but had made an advance payment in the amount of $1.84, covering the premium for the month of February, 1930, and that therefore petitioner is entitled to have and recover judgment against said defendant in the further sum of said amount of $1.84.

"VII. It is averred that said defendant and its agents had ample opportunity at and prior to the date of said policy of ascertaining the true state of health and condition of the insured.

"VIII. Petitioner avers amicable demand, but without avail.

"Wherefore, petitioner prays for service hereof, together with citation according to law, upon the defendant, Metropolitan Life Insurance Company, through E. A. Conway, Secretary of State of Louisiana, Baton Rouge, East Baton Rouge Parish, Louisiana, and that on due trial, after the lapse of legal delays, petitioner do have and recover judgment in her favor in her capacity as Administratrix of the Succession of said Arthe Lewis, and against the said defendant, in the full and true sum of $501.84, with interest thereon at the rate of six per centum per annum from January 17, 1933, until paid, together with all costs of this suit.

"Prays for all necessary orders and decrees, and for general and equitable relief."

Defendant answered as follows:

"Now into Court, through its undersigned counsel, comes Metropolitan Life Insurance Company, made defendant herein, and for answer to plaintiff's petition, says:

"I. Defendant admits the allegations contained in the first paragraph.

"II. In answer to the allegations contained in the second paragraph of plaintiff's petition, defendant says that it admits that it is a corporation organized under the laws of the State of New York, authorized to do, and doing, business in the State of Louisiana; that the Secretary of the State of Louisiana is the person upon whom to serve legal process. Save as above set forth, defendant denies all the allegations contained in the second paragraph.

"III. Defendant admits the allegations contained in the third paragraph.

"IV. In answer to the allegations contained in the fourth paragraph, defendant admits that on or about January 15, 1930, the insured, Arthe Lewis, died at his residence in Lincoln Parish. Save as above set forth, defendant denies the allegations contained in the fourth paragraph and especially denies that said policy was in full force and effect at the time of the death of said Arthe Lewis, or that plaintiff is entitled to recover anything under the policy.

"V. Defendant admits the allegations contained in the fifth paragraph.

"VI. In answer to the allegations contained in the sixth paragraph, defendant admits that the insured, Arthe Lewis, at the time of his death had paid premiums on said policy aggregating the sum of $3.68, being premiums for the months of January and February, 1930. Save as above set forth, defendant denies the allegations contained in the sixth paragraph.

"VII. Defendant denies the allegations contained in the seventh paragraph.

"VIII. Defendant denies the allegations contained in the eighth paragraph.

"IX. Further answering, defendant avers that, on November 9, 1929, Arthe Lewis made application for the issuance of said policy; that on December 11, 1929, a person, representing himself to be Arthe Lewis, presented himself for examination by a physician representing defendant and was medically examined by said physician.

"X. Further answering, defendant avers that said policy was issued subject to the following conditions, among others, embodied in said policy, to-wit:

" 'If, (1) the insured is not alive or is not in sound health on the date hereof; or if (2) before the date hereof, the insured has been rejected for insurance by this or any other company, order or association, or has, within two years before the date hereof, been attended by a physician for any serious disease or complaint, or, before said date, has had any pulmonary disease, or chronic bronchitis or cancer, or disease of the heart, liver or kidneys, unless such rejection, medical attention or previous disease is specifically recited in the "Space for Endorsements" on page 4 in a waiver signed by the Secretary; or if (3) any policy on the life of the insured hereunder has been previously issued by this company and is in force at the date hereof, unless the number of such policy has been endorsed by the company in the "Space for Endorsements" on page 4 hereof, (it being expressly agreed that the company shall not, in the absence of such endorsement, be assumed or held to know or to have known of the existence of such prior policy, and that the issuance of this policy shall not be deemed a waiver of such last mentioned condition), then, in any such case, the company shall declare this policy void and the liability of the company in the case of any such declaration or in the case of any claim under this policy, shall be limited to the return of premiums paid on the policy, except in the case of fraud, in which case all premiums will be forfeited to the company.'

"Defendant especially pleads the conditions of the policy above set forth and avers that said Arthe Lewis had, within two years before the date of the issuance of said policy, been attended by a physician for a serious disease or complaint, to-wit, Bright's Disease and heart disease, and had, on and before the date of the issuance of said policy, a disease of the heart and also a disease of the kidneys, to-wit, Bright's Disease; that said Arthe Lewis was continuously afflicted with said disease of the heart and with said disease of the kidneys, to-wit, Bright's Disease, from the month of November, 1929, up to the date of his death on January 15, 1930, and that his death was caused by a disease of the heart and by a disease of the kidneys, to-wit, Bright's Disease.

"Defendant further avers that, by reason of the facts above set forth and the provisions of the policy above pleaded, said policy is and was void and no recovery can be had thereunder, except that the Executor or Administrator of the insured is entitled to the return of the premiums paid on the policy, to-wit, the sum of $3.68. Defendant is now and has at all times been willing and ready to return the amount of said premiums, to-wit, the sum of $3.68.

"Wherefore, defendant prays that, after due proceedings had, there be judgment in its favor and against plaintiff, dismissing plaintiff's suit at her costs; and for all general and equitable relief."

Plaintiff then filed a rule for judgment on the face of the pleadings, which was overruled. Plaintiff reserved a bill to the rule and seriously reurges the same in this court. The case was tried on its merits. After evidence was heard and before judgment was rendered, plaintiff filed a plea of estoppel. The lower court rendered judgment in plaintiff's favor, as prayed for, and likewise sustained the plea of estoppel. Defendant has perfected an appeal to this court.

In answer, defendant admitted its corporate existence, admitted the issuance of the policy of insurance sued upon, the receipt of the premiums, and the death of the insured, as alleged by plaintiff. It alleged there had been a medical examination made at its instance prior to the issuance of the policy, but did not allege the physical condition of the deceased as revealed by said examination. It did not allege it was misled by said examination, nor did it allege any fraud or misrepresentation on the part of deceased or the medical examiner.

The policy of insurance, which is attached to plaintiff's petition and made part thereof, discloses that the report of the medical examination, or any representation of deceased as to the condition of his health, are not attached thereto. It is not alleged that defendant's agent did not have an opportunity to make an investigation as to the condition of the health of deceased before delivering the policy. To the contrary, it is alleged he was given a medical examination. It is therefore clear that defendant relies solely for its defense upon the provision of the policy which reads as follows: "If, (1) the insured is not alive or is not in sound health on the date hereof; or if (2) before the date hereof, the insured has been rejected for insurance by this or any other company, order or association, or has, within two years before the date hereof, been attended by a physician for any serious disease or complaint, or, before said date, has had any pulmonary disease, or chronic bronchitis or cancer, or disease of the heart, liver or kidneys, unless such rejection, medical attention or previous disease is specifically recited in the 'Space for Endorsements' on page 4 in a waiver signed by the Secretary; or if (3) any policy on the life of the insured hereunder has been previously issued by this company and is in force at the date hereof, unless the number of such prior policy has been endorsed by the company in the 'Space for Endorsements' on page 4 hereof (it being expressly agreed that the company shall not, in the absence of such endorsement, be assumed or held to know or to have known of the existence of such prior policy, and that the issuance of this policy shall not be deemed a waiver of such last mentioned condition), then, in any such case, the company may declare this policy void and the liability of the company in the case of any such declaration or in the case of any claim under this policy, shall be limited to the return of premiums paid on the policy, except in the case of fraud, in which case all premiums will be forfeited to the company."

In the case of Fisette v. Mutual Life Insurance Company, 162 La. 620, 110 So. 880, reaffirmed in Eddins v. National Life & Accident Insurance Co., 173 La. 644, 138 So. 430, the court held that, under Act No. 227 of 1916, unless a copy of the statements made in application for insurance by the insured, or a copy of the medical report in connection therewith, were indorsed on or attached to the policy, no evidence concerning same was admissible, for the reason that the contract of insurance, as delivered to the insured, is the entire contract between them. Therefore, since the medical examination alleged by defendant to have been made is not admissible, it is as though none was made, in so far as a defense to this suit is concerned.

In the case of Mrs. Lena Romano Eagan, Administratrix, v. Metropolitan Life Insurance Company, 158 So. 575, of the Supreme Court of this state, decided Nov. 26, 1934, the court found: Plaintiff, as administratrix, sued to recover on a policy of insurance issued to deceased by defendant company. The defense was that the policy was null and void ab initio, because decedent was not in sound health at date of policy and had been, within two years before the date thereof, attended by a physician for a serious disease or complaint and had during that time suffered with cancer; and that the company's agent did not have a reasonable opportunity to ascertain the true condition of decedent's health, and could not have discovered the disease by the exercise of reasonable diligence, since only a medical examination could have revealed existence of cancer.

There was judgment in the trial court in favor of plaintiff. Defendant appealed to the Orleans Court of Appeal, which court, in due course, reversed the judgment of the trial court and dismissed plaintiff's suit, 155 So. 69. The case went to the Supreme Court on a writ of review where the judgment of the Court of Appeal was annulled and set aside, and the judgment of the trial court reinstated, 158 So. 575. The reasons assigned by the Supreme Court for its judgment are as follows:

1. Although the policy contains a provision to the effect that, if insured is not in good health on date thereof, or has, within two years before date of its issuance, been attended by a physician for any serious disease or complaint, or before said date of is-

suance has had any pulmonary disease, or chronic bronchitis or cancer or disease of the heart, liver, or kidneys, unless such previous disease is specifically recited in "Space for Endorsements" in a waiver signed by the secretary, then, in such case, the company may declare the policy void and the liability of the company in case of any claim under the policy shall be limited to the return of premiums paid, except in case of fraud, in which case all premiums will be forfeited to the company; held the company cannot forfeit the policy on ground of fraud or misrepresentation in the application for insurance, in view of the provisions of Act No. 97 of 1908, if the policy was issued without medical examination, and if the company's soliciting agent had an opportunity to ascertain the true condition of health of the insured by a medical examination and failed to do so. And this rule applies to latent diseases.

2. In such case it is no defense to action on the policy that insured died from or suffered with cancer at date of issuance of policy.

3. Where insured lives in city where hundreds of physicians are available at any time for medical examination, and where the insured had two policies with the same company at the time the company's agent solicited the contested policy, which was issued without medical examination and which policy was left at insured's home while absent, without any investigation by the agent, and which agent saw insured frequently prior to execution of policy, held that agent had ample opportunity to have ascertained the true state of insured's health by medical examination before issuing the policy.

We therefore find that the defense that is urged by defendant herein is no defense, and the lower court should have granted judgment on the rule to show cause why judgment should not be rendered, as prayed for, on the face of the pleadings. Unless defendant had indorsed on or attached to the policy of insurance a copy of the statement of deceased in his application for insurance, or a copy of the medical report, it is barred from urging the defenses set forth in the policy as conditions and urged here.

Since the lower court overruled the rule to take judgment on the pleadings and rendered judgment on the merits, it is necessary for us to recast the judgment.

It is therefore ordered, adjudged, and decreed that the rule to show cause why judgment should not be rendered on the face of the petition and answer in favor of plaintiff, as prayed for, is now made absolute, and there is accordingly judgment in favor of plaintiff, Annie Belle Lewis, administratrix, and against defendant, Metropolitan Life Insurance Company, in the full sum of $501.84, with 6 per cent. per annum interest thereon from January 17, 1933, until paid; and for all costs.