## WOODS v. NATIONAL LIFE & ACCIDENT INS. CO.

### No. 16280.

Court of Appeal of Louisiana. Orleans.
March 9, 1936.

Porteous, Johnson & Humphrey and F. Carter Johnson, Jr., all of New Orleans, for appellant.

Wm. A. Green, of New Orleans, for appellee.

JANVIER, Judge.

This is a suit on what is commonly known as a sick benefit policy. Plaintiff claims that she was confined to her bed for a period of more than twenty weeks and that, under the provisions of the policy, she is entitled to $5 per week for each week during which she was confined. She admits that the policy provision, however, limits her recovery to not more than twenty weeks in any consecutive twelve months. She concedes in her petition that she has been paid for ten weeks and seeks judgment for $50; in other words, for $5 per week for each of the ten weeks for which she claims she has not been paid. She also prays for double indemnity and attorney's fees, which, in certain cases, are permitted under the provisions of section 3 of Act No. 310 of 1910.

Defendant, after first denying that plaintiff was disabled to any extent during the period for which claim is made, in the alternative avers that at any rate payment has been made for eleven weeks and maintains that, therefore, recovery should be limited to the amount which is due for those nine weeks, and further avers that the weekly payments should not be at the rate of $5 each, but only at the rate of $1.75 each, because of the fact that plaintiff had secured other insurance in other companies to such an extent as, under the express provisions of the policy herein sued on, would reduce recovery under this policy to $1.75 per week. The policy provision relied on in this regard reads as follows:

"Should the total amount of weekly benefits allowed the insured on all policies carried in this and all other companies exceed the sum of Seven dollars per week, this Company shall only be liable to the insured for such proportion of the amount provided for herein under head 'Weekly Benefits', as the said Seven dollars bears to the total weekly benefits allowed under all policies carried by the insured. Provided, however, that should the insured establish the fact that her average weekly earnings for the four weeks immediately preceding the date of the beginning of her disability were in excess of Seven dollars, then the amount of such average earnings shall be used in this clause wherever the amount 'Seven dollars' appears, the Company's liability in no instance being in excess of that stated under head 'Weekly Benefits' on first page hereof."

In the court below there was judgment for plaintiff for $115, the court having in-

cluded $45, or $5 per week for nine weeks, double indemnity, or an additional $45, and also $25 for an attorney's fee.

■ The medical evidence regarding plaintiff's illness leaves in our minds grave doubt as to the actual existence of disability, and we have little doubt that we would not have been able to persuade ourselves to make any allowance at all but for the fact that there is in the record a letter written by the manager of defendant company admitting liability for twenty weeks and claiming to have already paid for fifteen of the said twenty weeks. In view of this letter, we cannot but agree with our brother below that there is liability, and our duty is, therefore, limited to the task of determining just what amount is due.

The evidence shows clearly that payments have been made for eleven weeks, and, since it is conceded that payments are due for twenty weeks in any twelve consecutive months, it necessarily follows that nine additional payments are due.

■ The amount of each weekly payment, we believe, should not be $5 because plaintiff, by securing additional insurance, has brought into play that provision of the policy to which we have first above referred, under which the additional insurance must be taken into consideration and the amount payable under this policy proportionately reduced, so that, if payments should be made under all the policies, the total thereof would not exceed $7 per week. Taking the other policies into consideration, we mathematically reach the conclusion that the recovery under this policy should be only $1.75, because there were three other policies, each providing for a weekly payment of $5.

■ It is contended that that provision of the policy is ineffective and inoperative and is violative of section 9 of Act No. 114 of 1898, in that it is discriminatory. It is also maintained that it is violative of section 10 of the same statute, in that it does not "state on its face the agreement with the person receiving same." It is also argued that it is violative of section 1 of Act No. 52 of 1906, as amended by section 2 of Act No. 227 of 1916, in that it does not "contain the entire contract between the parties," and that it also is violative of section 1 of Act No. 65 of 1906, as amended by section 1 of Act No. 240 of 1916, in that "the weekly cash benefit does not appear on the policy or certificate of benefit."

But the fact that the amount of the policy, as payable under the conditions which exist here, does not definitely appear on the policy itself, results from the act of the insured in herself taking out other policies of insurance, and does not result from any act on the part of the insured. The same may be said with reference to the various other contentions. The policy, when issued, complied with the act of 1906 and the act of 1916, in that it did "contain the entire contract between the parties." It complied with the act of 1898, in that it did "state on its face the agreement with the person receiving same," and it was only the act of the assured herself in taking out other insurance which brought into play the policy provision which reduced the amount of the insurance.

Nor can we see that there is any discrimination in this provision. If so, it has resulted not from the policy condition, but from the act of the assured herself.

■ There is nothing violative of the public policy of this state in such a provision. On the contrary, it is against public policy that any person should be allowed to insure himself or herself under such policies for an amount which might induce fraudulent malingering, or which would be conducive to the feigning of illness, which temptation would always exist where an insured could obtain greater return by feigning illness than by working.

The validity of a very similar provision was upheld in McConathy v. North American Accident Ins. Co., 14 La.App. 27, 129 So. 238, 240. There the policy condition read as follows:

"If the insured shall carry with another company—,other insurance covering the same loss, without giving written notice to the company, then in that case, the company shall be liable only for such portion of the indemnity promised, as the said indemnity bears to the total amount of like indemnity in all policies covering such loss, and for the return of such part of the premium paid as shall exceed pro rata, for the indemnity thus determined."

The court, in upholding the validity of this provision, said:

"When plaintiff accepted the policy sued on he agreed to this stipulation, and it is binding on him. Civil Code, arts. 1901 and 1945.

"The evidence shows that plaintiff carried insurance in the Massachusetts Protective Assurance Association, Inc., covering the same illness for which he claims indemnity from the defendant, and collected indemnity

on said account under said policy from Massachusetts Protective Association, and did not give written notice to defendant of this policy in Massachusetts Protective Association, Inc., as he should have done, and as the policy sued on required him to do."

In Dustin v. Interstate Businessmen's Acc. Association, 37 S.D. 635, 159 N.W. 395, 396, L.R.A.1917B, 319, the court, in commenting upon the reasons which may prompt an insurance company to insert a provision reducing the coverage, in case of additional insurance in other companies, said:

"The purpose of the provisions in paragraph 16 is to give the insurer, in accident insurance, an opportunity to guard against, and prevent, overinsurance. Such provisions can be justified only on the ground that the element of moral hazard is involved in accident insurance—that there is danger of liability on account of self-inflicted injuries if excessive or overinsurance is permitted. In fire insurance the element of moral hazard is constantly taken into consideration and is recognized by law; and a provision of similar import to the one herein involved has been written into the standard fire insurance policy, and is a part of the fire insurance law of this state. * * *

"While it is true that the element of moral hazard is not involved in accident insurance to the same extent as in fire insurance, it cannot be denied that there is some additional risk on account of self-inflicted injuries in case of accident insurance, and that the element of moral hazard does exist. No reason has been shown why the parties to an accident insurance policy may not guard against this risk by contract; and, if the contract has been fairly entered into, it ought to be enforced."

Of course, since the effect of the application of this policy provision is to deny to assured the protection for which she has been paying for so long a time, it may be that she is entitled to a return of a portion of the premiums paid by her. But she has offered no evidence to show when the other policies were issued, nor has she offered any other evidence from which it would be possible to determine just what return premiums, if any, are due to her. If she has any such claim and can produce proof thereof, her rights should be reserved to her to present such claim in some other suit.

■ The view which we take of this matter obviously makes it necessary that we

eliminate the allowance made for double indemnity and for attorney's fees. We believe, in other words, that the claim should be limited to $1.75 per week for nine weeks.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, amended by reducing the amount thereof to $15.75, with legal interest from judicial demand.

It is further ordered that plaintiff's right be reserved to her to claim any portion of the premiums which may have been unearned by reason of the prorata reduction of the coverage of the policy.

Costs of appeal to be paid by plaintiff; all other costs to be paid by defendant.

Amended and affirmed.