## WOODS v. LIFE & CASUALTY INS. CO. OF TENNESSEE.

### No. 16308.

Court of Appeal of Louisiana. Orleans.
June 22, 1936.

Harry Cabral, of New Orleans, for appellant.

Wm. A. Green, of New Orleans, for appellee.

McCALEB, Judge.

This is a suit on what is commonly known as a sick benefit policy. The plaintiff claims that she was confined to her bed for a period of 14 weeks as a result of being afflicted with acute rheumatism and she claims from the defendant, under provisions of the insurance policy issued to her, $5 per week for 13 weeks with double indemnity and attorney's fees under the provisions of section 3 of Act No. 310 of 1910.

The defendant answered denying that plaintiff was disabled during the period for which claim is made. However, it admits that it paid the plaintiff disability benefits for 1 week, that is, from May 20, 1935, to May 27, 1935, at which time further payments were discontinued upon the advice of its four medical experts who examined the plaintiff.

There is an alternative plea which sets forth that recovery should be limited at all events to the sum of $1.75 per week, because of the fact that plaintiff had secured insurance in other companies to such an extent that under the express provisions of the policy herein sued on, it would reduce the recovery under this policy to that amount.

The trial judge found for the plaintiff in the amount sued for with double indemnity and attorney's fees in the sum of $25, and the defendant has appealed.

We have recently had occasion to consider the same alleged disability of the plaintiff as a result of the sickness claimed, in the case of Henrietta Woods v. National Life & Accident Ins. Co., reported in 166 So. 501, 503, wherein we said:

"The medical evidence regarding plaintiff's illness leaves in our minds grave doubt as to the actual existence of disability, and we have little doubt that we would not have been able to persuade ourselves to make any allowance at all but for the fact that there is in the record a letter written by the manager of defendant company admitting liability for twenty weeks and claiming to have already paid for fifteen of the said twenty weeks. In view of this letter, we cannot but agree with our brother below that there is liability, and our duty is, therefore, limited to the task of determining just what amount is due."

From the foregoing, it is apparent that we were inclined to the view that the plaintiff was a malingerer and the only reason why recovery was allowed in her case against the National Life & Accident Insurance Company was due to the fact that the defendant in that case wrote a letter admitting liability for 20 weeks' disability. However, in the case at bar, there is no such admission by the defendant, but, on the contrary, the defendant, after paying the plaintiff for 1 week's disability, denied further liability upon the advice of its four physicians, three of whom testified in this case to the effect that plaintiff is a malingerer.

We believe the testimony of the defendant's witnesses, and for this reason the trial court erred in granting judgment in plaintiff's favor.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed and it is now ordered that there be judgment in defendant's favor dismissing plaintiff's suit at her cost.

Reversed.