## MOTHERSHEAD v. NATIONAL LIFE & ACCIDENT INS. CO.[*]

### No. 5143.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1936.

T. Overton Brooks and Patrick D'Artois, both of Shreveport, for appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellee.

HAMITER, Judge.

On September 22, 1932, the Los Angeles, Cal., office of the National Life

& Accident Insurance Company, defendant herein, issued its policy on the life of Ealey A. Martin, a resident of that city, in the amount of $250.

The policy resulted from the written application of the said Ealey A. Martin, of date July 29, 1932, wherein his age was stated as 54 years. On the reverse side of the application, in the space reserved for the superintendent's inspection report, this statement is written: "This man does not know how old he is? But to the best of my ability I would judge him to be 54. In all other respects he seems to be a first-class risk." Immediately beneath such statement appears the signature of the insured, and also that of another person, whose writing is illegible, with the title of superintendent.

Sallie Mothershead, the beneficiary of such policy, a cousin of the insured, and the plaintiff herein, was then a resident of Los Angeles, but she later removed to the city of Shreveport. During the week of September 26, 1932, the Ealey A. Martin policy account, for premium collection purposes, was transferred from the Los Angeles office to the Shreveport office of the National Life & Insurance Company, where all premiums thereafter were paid by such beneficiary.

The policy of insurance having become lost, the insurer issued its certificate in lieu thereof on November 21, 1932.

The insured died on December 12, 1932, in the city of Los Angeles, and thereafter proof of death was furnished to the insurer.

Because of defendant's refusal to pay to the beneficiary the amount of the policy, she instituted this suit for the recovery thereof. At the commencement of the trial of the case, defendant tendered to plaintiff the sum of $5.50, being the amount of premiums collected on the policy, but such tender was refused. The trial court granted judgment for $5.50, the amount of such tender, but otherwise rejected her demands; it also decreed that the cost prior to the tender of the $5.50 be paid by defendant, and the cost incurred subsequent thereto be paid by the plaintiff. Plaintiff has appealed from such judgment.

The sole defense offered to the suit is that the insured, Ealey A. Martin, in his signed application, stated his age to be 54 years, when, defendant contends, he was about 76 or 77 years of age at that time.

The application was not incorporated in, attached to, or made a part of the policy when issued and plaintiff argues that, because of this, the question of age was not relevant in this proceeding by reason of the provisions of Act No. 227 of 1916. Replying to this contention, defendant asserts that, if this cause was determined under the law of this state, it could not resist the demands of plaintiff, because of the application not having been made a part of the policy as required by said act of 1916. It states, however, that the provisions of such act, which would prevent the introduction of parol evidence to show the correct age of the insured, are not applicable, for the reason that the policy was issued and delivered in the state of California.

The evidence in the record is hopelessly and irreconcilably conflicting regarding the insured's age. Plaintiff and most of the other witnesses who testify on this point are members of the negro race. All of plaintiff's witnesses reside in Louisiana and personally appeared and testified in the trial of the case, while defendant's witnesses, on the matter of the insured's age, are residents of California and their testimony was taken by depositions. According to the witnesses offered by plaintiff, the insured was 54 years of age on the date the policy was issued and the testimony of defendant's witnesses fixed his age at various figures in the seventies. A certified copy of a marriage certificate, found in the record, discloses that one Ealey A. Martin and a Lophelia Anderson were married in Caddo Parish, La., on March 8, 1878, this being approximately 54 years before the date of the application, and defendant's counsel contends that the Ealey A. Martin named therein was the insured in this case, and, having married 54 years previously, it was impossible for him to possess the age of only 54 in the year 1932.

Because of the view we have taken and which we hereinafter express, it will be unnecessary for us to pass on the applicability of the above-mentioned Act No. 227 of 1916, and, further, a detailed discussion of the conflicting docu-

mentary and oral evidence relating to insured's age will serve no useful purpose.

■ According to Mr. G. W. Holtsclaw, manager of the Shreveport office of the insurer, the policy contained no stipulation or provision with reference to an age limit, but he states that by reason of an established custom his company will not write a policy on the life of a colored person whose age is in excess of 54.

The record is barren of any evidence tending to show that the insured had knowledge of the customary age limit restriction of defendant; or that, if his age was in excess of 54 when the application was signed, he deliberately and willfully misrepresented it; or that Ealey A. Martin, Sallie Mothershead, and the agent of defendant, or any two of them, colluded and conspired with the view of unlawfully obtaining a pecuniary advantage from the agent's employer. On the contrary, the application itself, as we have heretofore shown, stated: "This man does not know how old he is? But to the best of my ability I would judge him to be 54. In all other respects he seems to be a first-class risk." And this application, immediately after its execution, was forwarded to the home office of the insurer and the policy issued by reason thereof, and thereafter it was continuously kept by such home office. If age was an important and determining factor in the issuance of the policy, certainly the above-quoted remark found on the application was a sufficient and graphic notice to the insurer that further investigation of insured's age should be made. Apparently no such investigation was had, for the policy was issued and defendant proceeded to collect and retain all premiums due thereon until the date of insured's death.

Counsel for defendant has cited the case of Lucas v. American Bankers' Insurance Company (La.App.), 141 So. 394. The case before us for consideration is distinguishable from the Lucas Case. There the agent and the beneficiary colluded for the purpose of reaping a financial benefit for themselves in fraud of defendant's interest, all without the knowledge of the agent's employer, and there was nothing in the furnished application to warn the insurer of the fraudulent scheme. Here no such collusion appears, no willfull misrepresentation is shown, and the insurer was sufficiently notified of a possible misstatement of age.

In the case of Ætna Life Insurance Company v. David France et ux., 94 U. S. 561, 565, 24 L.Ed. 287, the insured gave his age in the application as, "thirty years, Oct. 28, as near as I can recollect." All answers in the application were followed by, "The above is as near correct as I remember." The insurer offered evidence tending to show that applicant, on the date of the application, would have been 35 or 37 years old at his next birthday. Commenting on the trial court's instructions to the jury, the court said:

"And, in particular, as to Chew's representation of his age, the court charged, 'that if he knew, or had reason to believe, that the year of his birth, as stated in the answer, did not correctly indicate his age, the policy is void, and the plaintiffs are not entitled to recover.'

"We think the qualification made by the court was entirely justified by the form in which the answers were given. If the company was not satisfied with the qualified answer of the applicant, they should have rejected his application. Having accepted it, they were bound by it."

A case pertinent to a decision of this matter is that of Evans v. Orleans Industrial Life, Health, Accident & Burial Benefit Insurance Co., Inc., 19 La.App. 408, 140 So. 507, 508, decided by the Orleans circuit of this court, with Justice Higgins, now a member of the Supreme Court, as the writer of the opinion. There it is stated:

"Passing to the defense that the deceased fraudulently misrepresented his age, the evidence shows that the agent who solicited the deceased's application for insurance filled in the printed form of application all in his own handwriting, the signature of the deceased being by mark (X), and thus showing that the insured was illiterate and could not write. In response to question No. 4, 'Date of Birth,' the insured answered, 'Do not know.' In answer to question No. 5, 'Age next birthday,' the deceased stated '42.' The agent who obtained the application certifies at the bottom of the application as follows:

" 'I hereby certify that on the date above I saw the person to be insured and recommend the issuance of a policy upon the statements of the applicant on this date. The age of life proposed is 42 years. I consider the risk good.'

" '[Signed] Buford, Agent.'

"Counsel for defendant points out that the physician's certificate of the Charity Hospital states that the deceased's apparent age at the time of his death was 46 years, and that therefore plaintiff's own proof shows that the deceased misrepresented his age. Defendant introduced no evidence to show the correct age of the deceased, and did not attempt to cross-examine the plaintiff to show that her father was over 42 years of age at the time the policy was issued. Certainly the physician's statement of the apparent age of a fatally sick man is not proof of his correct age. But, even if the deceased were 46 years of age at the time the policy was issued to him, it appears to us that the correct age of the insured was immaterial, because the company had the deceased's own statement on the application blank for insurance showing that he did not know the date of his birth. We understand this to mean that he did not know the day, the month, or the year that he was born. In reply to question No. 4 he gives this definite information to the company. In reply to question No. 5 he gives his age as 42 years. The answers are conflicting and irreconcilable. The officers of the company, who read the application for insurance, could arrive at no other conclusion than that the illiterate negro did not know the date of his birth, and, consequently, was only guessing his age. Furthermore, it appears to us that the company relied upon the certificate of their agent, who stated that the age of the life proposed was 42 years and that he considered him a good risk. Under the circumstances, we find that the defense of fraudulent misstatement of age is untenable."

Under the circumstances, and particularly since the agent was informed that the insured did not know his age and this information was passed on to the insurer, we are of the opinion that the exact age of Ealey A. Martin is of no consequence in reaching a decision of this controversy. Accordingly, the beneficiary should recover the amount of the policy.

■ Plaintiff, in her petition, claims interest at the rate of 6 per cent. per annum on the amount sued for from December 12, 1932. Section 1 of Act No. 17 of 1920, provides: "All life insurance companies doing business in this State, whether foreign or domestic, are hereby required to pay all death claims within sixty days from date of receipt of due proof of death and should they fail to do so without just cause, then policy will bear interest at the rate of six per cent. (6%) per annum from date of receipt of due proof of death until paid."

Although a certificate of death of Ealey A. Martin, dated April 3, 1933, is found in the record, there is no evidence showing the date of receipt by defendant of due proof of death. We find therein, however, a partial agreed statement of fact, dated October 19, 1934, signed by counsel for plaintiff and defendant, in which it is stated: "That Ealey A. Martin, insured, died on December 12, 1932, in the City of Los Angeles, California, and that the proof of his death, which is marked exhibit 'C' may be attached hereto."

In the absence of evidence showing knowledge by defendant of insured's death on a date prior to that of such agreed statement of fact, we can and will allow 6 per cent. per annum interest on the amount of the claim only from the date of such statement.

For the reasons given and stated, it is ordered, adjudged, and decreed that the judgment of the trial court be reversed, and that there now be judgment in favor of plaintiff and against defendant in the sum of $250, together with 6 per cent. per annum interest thereon from October 19, 1934, until paid, and that defendant pay all costs of both courts.