## SAWYER v. LIBERTY INDUSTRIAL LIFE INS. CO., Inc.*
### No. 1659.

Court of Appeal of Louisiana. First Circuit.
Dec. 10, 1936.

Loys Charbonnet and E. B. Charbonnet, Jr., both of New Orleans, for appellant.

Chas J. Mundy, of New Orleans, for appellee.

OTT, Judge.

On November 26, 1928, the defendant is-. sued a policy on the life of Whitman Muse, for the sum of $111 to be paid to the plaintiff as beneficiary on proof of the death of the insured. The insured died on January 19, 1935, but the plaintiff who had been paying the premiums on the policy did not know of the death of the insured when it occurred, and continued to pay the premiums until March 9, 1935, at the usual rate of 15 cents per week.

The defendant first filed a plea of prescription based on the allegation in the petition that the insured died on January 19, 1934, and that more than one year had elapsed before the filing of the suit on October 15, 1935. The policy contained a provision requiring suit to be filed within one year after the death of the insured. The evidence shows that the insured died on January 19, 1935, and we do not consider that the defendant is complaining on this appeal of the action of the trial court in overruling this plea.

There is only one defense urged in this court by the defendant on its appeal taken from a judgment of the trial court in favor of plaintiff for the face of the policy plus premiums paid through mistake from January 19 to March 9, 1935, a period of seven weeks, at 15 cents per week, or $1.05. This defense is that the insured misstated his age in the application for the insurance by giving his age at the time as 48 years, which age as given in the application was incorporated in the policy, whereas the age of the insured at the time of making the application was not less than 55 years; that the policy contains the following clause: "The Company's establish-·ed rates provide for coverage for lives

*For opinion on rehearing, see 172 So. 24.

aged from eleven to fifty next birthday, and no policy shall be valid unless the age of the insured at the time of the issuance was comprised between the limits stated. Should, on account of misstatement of age, a policy have been issued on a life age less than eleven years or more than fifty years next birthday, such policy shall be null and void and all premiums paid thereon shall be forfeited to the Company."

The defendant offered in evidence the application in which the age of the insured at his next birthday is given as 48. Counsel for plaintiff objected to this offering on the ground that the application was not annexed to and made a part of the policy. The objection was referred to the merits and the document admitted. In order to prove a different age from that given in the application and incorporated in the policy, defendant reoffered the proof of death furnished by plaintiff, which proof had already been offered by plaintiff. To this offering by defendant plaintiff objected in so far as the document might be used to prove anything other than proof of death. The document was admitted and shows the age of the insured at the time of his death as given by the coroner who viewed the body and the undertaker who interred the body to be 62 years. If the age of the deceased insured was correctly given on the proof of death, it follows that he was about 55 years old when the policy was issued.

Act No. 227 of 1916 provides that no statement or statements not indorsed upon or attached to the policy when issued shall be used in defense of a claim under the policy unless contained in a written application and unless a copy of such statement or statements be indorsed upon or attached to the policy when issued. The defendant sets up in its answer that the policy was issued to the insured on his representation in the application that his age was 48, and that it was from this statement in the application made by the insured that his age was incorporated in the policy as 48. It is clear that the defendant is now seeking to use in defense of a claim under this policy an alleged misstatement made by the insured in the application. In order for this alleged misstatement of the insured to be used as a defense under the policy, such statement, under the above act, must be contained in a written application and a copy of such statement must be indorsed upon or attached to the policy when issued. While the

statement, now sought to be proven untrue, was contained in a written application, yet no copy of such statement was indorsed upon or annexed to the policy. From whatever angle the defense is viewed, it remains a fact that the alleged misstatement of the insured is the basis of that defense, whether in causing the defendant to put the wrong age in the policy, or in causing the defendant to issue its policy to one who was ineligible.

In the case of Jackson v. Unity Industrial Life Ins. Co. Inc. (La.App.) 142 So. 207, the Orleans Court of Appeal held, under Act No. 227 of 1916, as interpreted by the Supreme Court in the case of Whitmeyer v. Liberty Industrial Life Ins. Co. Inc., 166 La. 328, 117 So. 268, that a misstatement of age by the insured in the application was not available as a defense under the policy where such misstatement of age was not indorsed on or attached to the policy. However, the same court in the later case of Broady v. Unity Industrial Life Ins. Co. Inc. (La.App.) 160 So. 653, held that, where the age of the insured was incorporated in and made a part of the contract of insurance, the misstatement of age made by the insured was admissible, although such statement was not contained in the application and was not indorsed on the policy as required by the above act. It does not clearly appear from the opinion in the latter case whether or not the insurance company, made the defense on the ground that the misstatement of the insured as to his age induced the company to incorporate in the policy as a part of it, this incorrect age. We do not understand that our brothers of the Orleans Court of Appeal meant to hold in this Broady Case that the insurance company could avoid the effect of the statute by incorporating in the policy as part of it a statement made by the insured verbally or in the written application, and then, on finding out that the statement was incorrect, set up as a defense the misstatement, and prove it without complying with that part of the statute which requires such a statement to be contained in an application and a copy of the statement indorsed upon or annexed to the policy. It makes no material difference whether the defense is made because of a misstatement of the insured which caused the insurance company to incorporate an incorrect age as part of the contract, or whether the misstatement caused the issuance of the policy, neither of which would have been done without relying on the

statement. One of the purposes of the act was to prevent the insurer from avoiding the policy because of alleged misstatements made by the insured, except under the conditions prescribed by the act, one of which is that such statement must be indorsed on or annexed to the policy. It certainly would not be contended that the insurance company could write into the body of the policy that the insured was in good health, then provide in the policy that if the insured was not in good health the policy would be void, and, upon suit being brought on the policy, set up as a defense misstatements made by the insured as to his health, without complying with the statute in the respects mentioned.

■ Our interpretation of the act is strengthened by Act No. 160 of 1934, which requires all applications for industrial life insurance to be in writing and signed by the applicant, but relieves the company from the necessity of attaching to or indorsing upon the policy a copy of the application. The act does provide, however, that unless such a signed and written application is obtained, parol testimony shall not be admissible to prove any statements made by the applicant for the insurance.

The policy sued on in this case was written in 1928, before the passage of Act No. 160 of 1934, and, therefore, at the time of the issuance of the policy Act No. 227 of 1916 was in force and effect. However, the present suit was filed and tried after the passage of the Act of 1934, which, being a remedial act, affecting the procedure and admissibility of evidence, controls the present case. Washington Nat. Ins. Co. v. McLemore (La.App.) 163 So. 773. There being a signed and written application in this case, it was admissible to prove the statements made therein by the insured with reference to his age.

■ The act of 1934 also provides that no policy of industrial life insurance shall be void by reason of any misrepresentation in the application of the assured unless such misrepresentation is willful on the part of the assured and conceals facts as to the ill health of the assured at the time of signing the application. The act permits the insurer to set up fraud as a defense only where a signed application has been obtained. The defense in this case is that the assured misstated his age in the application. There is no allegation or proof that the assured willfully or fraudulently misstated his age. It is doubtful if evi-

dence would be admissible to defeat recovery on the policy without alleging and proving that the assured willfully or fraudulently misrepresented his age in the application. However, as the evidence is in the record without objection on this point, we will consider it.

■ In the proof of death in answering the question as to the apparent age of the deceased, the coroner stated, "about 62 years." In the next column, under the question as to the correct age at death, he answered "62 years." He states further that he only viewed the body and obtained the history of the case from the family. It is evident that the coroner did not know and did not undertake to state the age of the deceased except from viewing the body. The undertaker merely states that the age of the deceased given on the burial permit was 62 years. In addition to this evidence as to the age of the deceased at the time of his death, we find in the record the testimony of Maria Muse who says that she was the wife of the deceased; that they married in 1890, and that their eldest child is 45 years of age. If this testimony is to be given any weight it would appear that the deceased married when he was only 10 years old if his age was correctly given as 48 in 1928, because the year of his birth would be 1880. If his correct age was 55 when he took out the policy in 1928, as claimed by defendant, he was only 17 when he married in 1890, if we are to accept the testimony of Maria. The trial judge did not refer to her testimony in his written reasons for judgment from which we assume that he must have given little weight to it. Neither does counsel for defendant stress her testimony in briefs filed in this court.

Against this testimony as to the age of the deceased we have only the information contained in the application itself. The assured did not give the year of his birth; evidently for the reason that he did not know it. He gave his age at next birthday as 48. The evidence shows that the assured was an illiterate negro. unable to sign his name. The agent of the company wrote out the application which the assured signed by mark. On the back of the application the agent was required to answer certain questions, one of which was "Does the applicant appear older than the age stated?" The answer of the agent is "No." The statement of the agent as to

418

the age of the assured when the application was signed has as much, if not more, probative value than the statement of the coroner and undertaker who only saw the assured after he had died. The agent saw him while he was living, and, besides, had an interest as well as an opportunity in ascertaining his correct age. We do not think the defendant has shown by a preponderance of the evidence that the assured misstated his age. Evans v. Orleans Industrial Life, H. A. & B. B. Ins. Co., 19 La.App. 408, 140 So. 507; Mothershead v. National Life & Accident Ins. Co. (La. App.) 165 So. 464. Certainly, the evidence fails to show that there was any willful or fraudulent misstatement by the assured of his age in the application.

In an answer to the appeal, the appellee has asked that we award 10 per cent. damages for a frivolous appeal. In our opinion the appeal is not frivolous.

For the reasons assigned, the judgment is affirmed at the cost of appellant.