O’NIELL, C. J.
 

 This is a suit on an insurance policy on the li,fe of the plaintiff’s husband. He obtained two policies for $1,000 each, dated the 14th of April, 1924, and died on the 13th of March, 1925. The other policy was made payable to his estate,' or to his heirs, administrators. or assigns, and was assigned to the Planters’ Bank & Trust Company, plaintiff in another suit.
 

 The company declined to pay, and in defense averred that the cause of death of the insured was chronic dysentery, as certified by the attending physician; that the statements made by the insured regarding the condition of his health, in his application for insurance, dated the 5th of April, 1924, and in his answers given in the medical examination in connection therewith, were false and fraudulent, were known by him to be false, were made with intent to deceive, and were so material to the risk that the company would not have issued, or delivered the policies, if the applicant had stated truthfully the condition of his health. The same defense and similar allegations were made in relation to statements made by the insured in an application “for establishing” the policies, dated the 28th of July, 1924, and in his answers given in the medical examination had in connection therewith; and the defendant averred, on information and belief, that the insured was not in good health when the policies were delivered and the first premium paid, as required in the original application for insurance.
 

 A photographic copy of the original application for insurance, dated the 5th of April, 1924, with the “statements to medical examiner,” was attached to each policy. They were delivered to the insured for his “reading and inspection” soon after the 14th of April, 1924. In the face of each policy, the company acknowledged receipt of the first premium, but, in fact, the premium was not paid within 60 days after the policies were issued, and the insured was therefore required to “establish” the policies. Accordingly, on the 28th of July, 1924, he signed an “application for establishing policy” on a printed form furnished by the company, and was required to stand another medical examination. The “application for establishing policy” contained the following printed clauses, which are important in deciding the case, viz.:
 

 “And I, the undersigned, hereby certify that I am the person insured under said policy and ratify and confirm all the statements made in the application upon which said policy was is
 
 *623
 
 sued and warrant that I am and have been of temperate habits, and that since the date of the original application for said policy, except as noted below, my health is and has been good, and has remained unimpaired at all times, that I have not consulted or been treated by a physician or been declined by any life insurance company or association since that date, and that my family record has remained unchanged since that date. [Exceptions noted below.]
 

 “If no exceptions are noted it shall be understood that there is no exception. [No exceptions were noted.]
 

 “In consideration of the placing in force of the said policy, I, the undersigned applicant, agree, for myself and all persons having any interest in said policy, that the said company shall not be liable under the said policy for any amount, if any of the statements made in this application or to the company’s medical examiner for such placing in force- shall be in any respect untrue, and provided that in such a case my death shall occur within two years from the date of such placing in force.”
 

 There was no copy of the so-called “application for establishing policy” .or of the medical examiner’s report in connection therewith annexed to the policy. Therefore, on the trial of the case, the plaintiff’s attorneys objected to the introduction of evidence offered by the defendant to show that statements made by the insured in the “application for establishing policy” w’ere false. The objection was founded upon the fact that there was no copy of the “application for establishing policy” or of the medical examiner’s report in connection therewith indorsed on, or attached to, the policy, as required by the Act 227 of 1916, p. 492, which provides:
 

 “That every policy of insurance issued or delivered within the state * * * by any life insurance corporation doing business within the state shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, bylaws, rules, application or other writings unless the same are indorsed upon or attached to the policy when issued; and a}l statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties, and no statement or statements not indorsed upon or attached to the policy when issued shall be used in defense of a claim under the policy unless contained in a written application and unless a copy of such statement or statements be indorsed upon or attached to the policy when issued. Any waiver of the provisions of this section shall be void.”
 

 The district judge did not sustain the objection, but heard and considered the evidence tending to prove that the statements made by the insured in the “application for establishing policy” that his health had been good, and had remained unimpaired at all times, and that he had not consulted, or been treated by, a physician since the date of his original application for the policy, were false, and that the company was therefore not liable under the policy. Having heard the evidence, the judge concluded that there was no false statement made by the insured relating to any material or important fact in the original application for insurance, or in the medical examination, or in the subsequent application for establishing the policy, or medical examination had in connection therewith. The district court therefore gave the plaintiff judgment for the amount of the policy, from which the defendant appealed. The Court of Appeal reversed the judgment, and rejected the plaintiff’s demand. The case is before us on a writ of review.
 

 The judgment of the Court of Appeal (4 La. App. 430) was based entirely upon the court’s ruling that the Act 227 of 1916 was applicable only to the original application for insurance and to the medical examination in connection therewith, and not to the subsequent application “for placing in force,” or the so-called “application for establishing policy,” and, upon the court’s finding that the statements made by the insured in his application for establishing the policy that his health had been good and had remained unimpaired at all times, and that he had not consulted or been treated by a physician since the date of his original application for the policy, were false, and that the company was not liable under the policy because of the
 
 *625
 
 stipulation to that effect in the application for establishing the policy. In rendering the opinion, the court said:
 

 “The question as to whether the application for re-establishing the policy and the medical report annexed to such application, should, be considered as a part of the contract, becomes of paramount importance in this case, because the evidence is not clear as to the falsity of the insured's answers in his first examination on April 5, 1924, while in the second examination of July 28, 1924, annexed to his application for re-establishing the policy, the evidence seems to bear out the charge of fraud made by defendant.”
 

 The reason assigned by the court for ruling that the Act 227 of 1916 was not applicable to the subsequent application for “placing in force” or “establishing” the policy was that the policy was not in the company’s possession, but in the possession of the insured when he made application for placing in force or establishing the policy, and that, even though it was possible for a copy of the application to be indorsed upon, or attached to, the policy at that time, it could not have been, as the statute says, “indorsed upon or attached to the policy when issued.”
 

 The construction put upon the statute by the Court of Appeal is too technical. The policy was not in force until the application of the insured “for establishing” or “placing in force” was allowed-by the company. The policy had been delivered to the applicant only for his “reading and inspection” as the local agent of the company testified. The company could have regained possession of the policy and indorsed upon or attached to it any document that the company might have desired should form part of the contract. If the company had regained possession of the policy when it was not in force, and had indorsed upon, or attached to, it a copy of the application for “establishing” or “placing in force,” and had then reissued the policy, it could be said, without doing violence to the language of the statute, that the document was indorsed upon, or attached to, the policy when issued. The language of the statute is plain and vigorous in its requirement that every life insurance policy shall contain the entire contract between the parties; that nothing shall be incorporated therein by reference to the application or any other document unless the same is indorsed upon or attached to the policy; that all statements, purporting to have been made by the insured shall, in the absence of fraud, be deemed representations and not warranties; and that no statement of the insured shall be used in defense of a claim under the policy, unless it is contained in a written application, and unless a copy of such statement is indorsed upon, or attached to, the policy. And the Legislature made the statute a matter of public policy by providing that its provisions could not be dispensed with by consent of the parties. It is paying attention too much to the technique, and not enough to-the substaiice, for 'the company to say that a reissuing would not have been an issuing of the policy, and that, as the company could not comply literally with the requirement' that the application for “establishing” or “placing in force” should be indorsed upon or attached to the policy when issued,, the requirement of the law should be dispensed with altogether. The purpose of the law is that the insured shall have in his possession during his lifetime, and that the beneficiary shall have after the death of the insured, the entire evidence of the contract. It would not serve that purpose, but would violate the spirit, if not the very letter, of the law, if the statute should be so construed that a statement made by the insured in an application for “establishing” or “placing in force”' a policy thát was not theretofore placed in force by the payment of the first premium need not be indorsed upon, or attached tor the policy to form a part of the contract. The weight of authority in other jurisdic
 
 *627
 
 tions is that statutes providing that statements made by the insured in his application for insurance shall not form a part of the . contract ’ or be used in defense of a claim under the policy, unless they be indorsed upon, or attached to, the policy, like the Act 227 of .1916, are applicable to statements made in an application for “establishing” or “placing in force” a policy that was not theretofore placed in force by the payment of the first premium. 32 C. J. §§ 219, 220, and 234, pp. 1119, 1121, and 1130; 14 R. C. L. § 61, pp. 885, 886; Paulhamus v. Security Life & Annuity Co. (C. C.) 163 F. 554; Stillman v. Ætna Life Insurance Co. (D. C.) 240 F. 462; Goodwin v. Provident Life Insurance Association, 97 Iowa, 226, 66 N. W. 157, 32 L. R. A. 473, 59 Am. St. Rep. 411; Metropolitan Insurance Co. v. Burch, 39 App. D. C. 397; Prudential Insurance Co. v. Gilligan, 28 Ohio Cir. Ct. R. 609.
 

 Aside from the statute, or perhaps in obedience of it, the policy itself, in this case, contains the stipulation:
 

 “The Contract.
 
 — This policy and the application therefor, copy of which is indorsed hereon or attached hereto, constitute the entire contract between the parties hereto. All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statement of the insured shall avoid or be used in defense of a claim under this policy unless contained in the written application herefor and a copy of the application is indorsed on or attached to this policy when issued.”
 

 Therefore, if the statute of 1916 were not applicable to the statements made in the application for “establishing” or “placing in force” the policy that was not already placed in force by the payment of the first premium, the contract itself would furnish the law on the subject between the parties.
 

 The writ of review was issued in this case only because of the ruling on the question of law on which the Court of Appeal rested its decision. Aside from the alleged false statements of the insured in his application for establishing or placing the policy in force — which we now hold could not be used in defense of this suit — the question of liability of the company was not decided by the Court of Appeal. We have concluded, therefore, to remand the case to the Court of Appeal for a decision of the question of liability of the company without considering any statement made by the insured in his application for establishing or placing the policy in force, or in the medical examination had in connection therewith, in defense of the suit.
 

 The judgment complained of is annulled, and the case is ordered remanded to the Court of Appeal, to be decided according to the foregoing opinion. The costs of the proceedings had in the Supreme Court are to be paid by the defendant. The liability of either party for other court costs is to be determined by the final judgment.
 

 ST. PAUL, J., dissents.
 

 THOMPSON, J., dissents on remanding the case, but otherwise concurs.