OYERTON, J.
 

 Defendant insured the life of John Whitmeyer for $500; the policy containing a provision that, should Whitmeyer die within twelve months after the date of the issuance of the policy, only one-half of that sum would be paid. Plaintiff, who is a daughter-in-law of Whitmeyer, is designated in the policy as beneficiary. The policy contains a provision reading as follows:
 

 “The company’s established rates provide for coverage for lives aged from eleven (11) to fifty (50) next birthday, and no policy shall be valid unless the age of the insured at the time of the issuance was comprised between the Emits stated. Should, on account of misstatement of age, a policy have been issued on a life aged less than eleven years or more than fifty years next birthday, such policy shall be null and void and all premiums paid thereon shall be-forfeited to the company.”
 

 ■ John Whitmeyer’s age is indorsed upon the policy as
 
 49
 
 at his next birthday. No written application for the insurance was attached to the policy, showing what Whitmeyer’s .age was represented to be, or showing anything else connected with the insurance.
 

 Whitmeyer died within twelve months from the date of the issuance of the policy. Plaintiff made proof of death, and forwarded the proof to defendant, but defendant refused to pay the policy. Plaintiff then brought this suit-to recover the full amount of the policy and also $200 attorney’s fees; the latter demand being no longer urged. The defense is that Whitmeyer was many years past 50 when the policy sued on was written, and that the policy was obtained by the fraudulent misrepresentation of ihis age. In the trial court, judgment was rendered rejecting plaintiff’s demand, but, on appeal to the Court of Appeal, judgment was rendered in favor of plaintiff for $250, one-half of the face of the policy, with legal interest thereon from judicial demand. The case is now before us on a writ of review.
 

 In the trial court it appeared that the application for the policy was made by plaintiff, who is named as beneficiary therein, and evidence, consisting of parol, was admitted over objections, to show that plaintiff, in representing the age of the -insured to defendant’s agent, represented that he would be 49 on his next birthday. The evidence offered should not have been admitted. This is so, •because the second section of Act 227 of 1916, amending and re-enacting Act 52 of 1906, provides that:
 

 “Eve-ry policy of insurance issued or delivered within the state on or after the first day of January, nineteen hundred and seven, by any life insurance corporation doing business within the state shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings unless the same are indorsed upon or attached to the policy when issued; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties, and no statement or statements not indorsed upon or attached to the policy when issued shall be used in defense of a claim
 
 *331
 
 under the policy
 
 unless contained in a written application
 
 and unless a copy of such statement or statements be indorsed upon or attached to the policy when issued. Any waiver of the provisions of this section shall be void.” (Italics ours.)
 

 By the provisions of this act it is necessary that the statement relied upon as a defense be contained in a written application for the policy, and, if it be so contained, then that the statement be indorsed on the policy at the time it is issued, or else that the application containing the statement be attached to the policy at that time. In the absence of a written application, containing the statement, it is not sufficient that the statement be indorsed on the policy. It must be contained in a written application for it. The law so requires, and prohibits a waiver of the requirement, in order to more securely protect the insured and the beneficiary against statements appearing on the face of the policy that were not made by the insured or the applicant. It therefore follows, at least, in the absence of clear proof of the loss or accidental destruction of the application, that the statement relied upon, in defending the suit, must be shown by the production of a written application containing it. No such application was offered in evidence. The parol evidence, offered to show it, was not only insufficient, but was inadmissible. It therefore follows that the statement attributed to the applicant for the policy, as to the age of the insured, has not been proven. Without proof that such a statement was made, the defense that the statement was false fails.
 

 As relates to plaintiff’s demand for the full amount of the policy, it suffices to point out that by the express terms of the policy, the insured having died within twelve months after the date the policy was issued, the beneficiary is entitled to only one-half of that amount, which, in this instance, is $250.
 

 Por these reasons, the judgment under re*view is affirmed.