ON MOTION TO DISMISS APPEAL
MILLER, Judge.
Defendant appellee relator Insurance Company moved to dismiss plaintiff Wilson Smith’s appeal because it was perfected too late. Plaintiff responded by moving to remand contending that the trial court judgment was not signed in open court and that the delays for appeal have not yet commenced because the judgment was not read and signed in open court. We dismiss the appeal.
Plaintiff’s claim in the amount of $436 was rejected for written reasons assigned May 10, 1972. The judgment was approved as to form by plaintiff’s counsel and contains the statement that it was read and signed in open court on May 17, 1972. The motion for appeal was made on June 8, 1972. The delays for both devolutive and suspensive appeals expired on June 1, 1972. LSA-C.C.P. 5001, 5002.
Plaintiff appellant respondent attached to his motion to remand an affidavit from the Clerk of the City Court stating that the judgment was not read and signed in open court. There is no statement (other than the judgment itself) by the trial judge. The minutes of court recite only that the judgment was signed on May 17, 1972.
The affidavit of the Clerk of the City court does not override the trial judge’s statement in the judgment of court.
If the judgment was not signed in open court, plaintiff appellant’s remedy is to file an action of nullity. LSA-C.C.P. Art. 2001 et seq.
On the face of this record, the appeal was perfected too late and is therefore dismissed at plaintiff appellant’s costs.
Appeal dismissed.