347 So.2d 53 (1977)
James L. HENDERSON, Plaintiff-Appellant,
v.
The MINNESOTA MUTUAL LIFE INSURANCE COMPANY, Defendant-Appellee.
No. 13243.
Court of Appeal of Louisiana, Second Circuit.
May 23, 1977.
Rehearing Denied June 22, 1977.
Baker, Culpepper & Brunson by James R. Hatch, Jonesboro, for plaintiff-appellant.
Emmons, Henry & Reeves by Joseph A. Reeves, Jr., Jonesboro, for defendant-appellee.
*54 Before BOLIN, MARVIN and JONES, JJ.
En Banc. Rehearing Denied June 22, 1977.
BOLIN, Judge.
Insured sued for mortgage disability benefits, penalties and attorney's fees allegedly due under a disability insurance policy. Insurer defends on two grounds: (1) that plaintiff misrepresented his physical condition on the application form; and (2) that plaintiff's disabling illness or disease preexisted the effective date of the policy and was therefore not covered under the terms of the policy. The trial judge pretermitted a finding on the issue of misrepresentation and found that the emphysema and diabetes, from which plaintiff claims he is disabled, both pre-existed the policy date and denied plaintiff's claim. Plaintiff appeals and we reverse.
The Minnesota Mutual Life Insurance Company issued a group credit accident and health policy to Reid-McGee and Company providing credit insurance to the policy holder. Plaintiff obtained a mortgage loan from Reid-McGee and in connection with the loan filed an application with defendant seeking mortgage loan insurance. The application, which was dated and signed July 17, 1973, contained the following questions which plaintiff answered in the negative:
1. During the last two years, have you been absent from work for a period of more than five consecutive days because of illness or injury?
2. During the last three years, have you been hospitalized or have you consulted a physician for any reason?
3. Have you ever been treated for or advised that you had any of the following: heart, lung, nervous or kidney disorder; high blood pressure; cancer or tumor; diabetes; arthritis?
The defendant issued a certificate effective August 7, 1973, which, in the event of plaintiff's disability, obligated defendant to pay the monthly mortgage payment of $96.94. A copy of the certificate was sent to plaintiff but the application for this insurance was not attached.
Plaintiff was hospitalized in the Veterans Administration Hospital on September 17, 1973, suffering from shortness of breath and diabetes. Notice of disability was mailed to defendant by Reid-McGee on October 10, 1973. On March 8, 1974 defendant wrote plaintiff a letter acknowledging receipt of the claim but denying liability because plaintiff had inaccurately answered the questions in the application. In this letter defendant stated it had learned plaintiff was off from work due to a hand injury from August 1972 to July 15, 1973; and that plaintiff was taking medication for hypertension. It was further stated in the letter that had this additional information been available to defendant's underwriters the company would have declined to insure plaintiff and no certificate of participation would have been issued to plaintiff. In conclusion, defendant denied the claim for benefits and rescinded the coverage. Suit was filed September 11, 1974.
On appeal plaintiff contends the lower court erred in admitting into evidence the application for insurance since the application had not been attached to the certificate issued to plaintiff. Louisiana R.S. 22:618 provides that no application for insurance shall be admissible in evidence in any action relative to such policy or contract unless a correct copy of the application is attached to or made a part of the policy [certificate of insurance] when issued and delivered.
The foregoing statute has been strictly construed against the insurer, the stated purpose of the law being that the insured shall have in his possession at all times the entire evidence of the contract. Fisette v. Mutual Life Insurance Co., 162 La. 620, 110 So. 880 (1926).
In Smith v. North American Company for Life, Accident & Health Insurance, 306 So.2d 751 (La.1975), the court held that the failure of an insurer to attach a correct copy of the application to a health and accident certificate of insurance, as required by R.S. 22:618(A), precluded the insurer from introducing into evidence the application; further, this failure barred the insurer from using any evidence to establish *55 misrepresentation thereon; and any evidence of a pre-existing condition not disclosed in the application which may have resulted in the insured's disability was improperly considered.
The trial judge, in his written reasons for judgment, pretermitted a determination of the effect of the failure to attach a correct copy of the application to the policy; rather he concluded that the emphysema and diabetic condition, which plaintiff claimed were disabling, both commenced prior to the time the policy was issued. We find, under the ruling of the supreme court in Smith, supra, that the trial court erred in admitting into evidence the application or any evidence of misrepresentation. The all-inclusive nature of the Smith decision also precludes consideration of whether or not plaintiff had a pre-existing condition, prior to the effective date of the insurance, which was responsible for his disability.
With regard to penalties and attorney fees, we find that defendant insurer had good reason to believe it had attached a correct copy of the application to the certificate of insurance since testimony established it was the custom of the company to attach a copy to each certificate. For this reason we conclude defendant is not liable for penalties and attorney fees under La. R.S. 22:657(A).
The medical evidence is uncontradicted that plaintiff was totally disabled from October 24, 1973, the date of the filing of the application for benefits, until March 1975, when plaintiff sold his house.
The judgment is reversed and there is now judgment in favor of James L. Henderson and against The Minnesota Mutual Life Insurance Company for $1,744.92, the amount due for the eighteen months during which plaintiff was disabled and defendant failed to make the monthly payments to Reid-McGee.
The expert witness fees of Dr. F. X. Cline, Jr., and Dr. R. W. Sharp are fixed at $100 each.
Defendant is cast for all costs, including the fees of the expert medical witnesses.