MARVIN, Judge.
From judgment for the insured for benefits under a hospitalization policy ($954) and for attorney’s fees ($500), the insurer appeals. We affirm.
The insurer contends that the medical condition for which benefits were sought pre-existed the policy and that Art. IX of the policy should control since it excludes from coverage such pre-existing conditions during the first year of the policy.[1]
Emphasizing that no application was attached to the policy as required by R.S. 22:618 (see also R.S. 22:219, 616), the lower court held that no evidence of a pre-exist-ing condition could be admitted or considered, citing Henderson v. Minn. Mut. Life Ins. Co., 347 So.2d 53 (La.App.2d Cir. 1977) and Smith v. North American Co. for Life, Acc. & Health Ins., 306 So.2d 751 (La.1975).
In Smith, the Supreme Court said:
“. . [T]he trial court . . .erroneously admitted the application for insurance into evidence. Thus all evidence concerning pre-existing conditions not disclosed in the application was improperly considered. Failure to disclose that evidence is not available to the insurer as a defense because a correct copy of the application . . . was not attached to or otherwise made a part of the policy.” S06 So.2d 754.
The Supreme Court then concluded:
“In light of our conclusions, it is unnecessary to consider whether [the insured] had a pre-existing condition prior to the effective date of the insurance . . . ” ibid, p. 755.
In Henderson, the insurer likewise failed to attach the application to the policy. There, we said:
“We find, under the ruling of the Supreme Court in Smith, supra, that the trial court erred in admitting into evidence the application or any evidence of misrepresentation. The all-inclusive nature of the Smith decision also precludes consideration of whether or not plaintiff had a pre-existing condition, prior to the effective date of the insurance, which was responsible for his disability.” 347 So.2d 55.
*1115 The insurer argues here that neither litigant contends a formal application was made or required, that the issue is not a false statement on the application, but instead, the issue is whether the exclusionary provision of the policy should be applied..
While exclusionary provisions of this type are authorized (R.S. 22:213) and are not contrary to the law or public policy (Muse v. Metropolitan Life Insurance Co., 193 La. 605, 192 So. 72 (1939)), the issue for our determination is whether our interpretation of Smith in Henderson is correct.
We recognize that there may be a distinction between the defense based on the insured’s false statement in the application (R.S. 22:219, 616, 618, 619) and the defense based on a policy exclusion of the type at issue here as authorized by R.S. 22:213(A)(13)(b).[2] Smith perhaps may be too inclusive, but it is nonetheless the latest expression of our Supreme Court and we are bound by it.
Under Smith, we hold evidence of a preexisting condition is not admissible where a correct copy of the application is not attached to the policy as required by R.S. 22:219, 618, even though the insurer defends solely and exclusively on the basis of a policy exclusion as authorized by R.S. 22:213(A)(13)(b). R.S. 22:211(A); Henderson, supra. See also Spain v. Travelers Ins. Co., 332 So.2d 827 (La.1976).
At appellant’s- cost, judgment is
AFFIRMED.

. The pertinent part of Art. IX reads:
“A. No Health Care Allowance will be provided for:
1. services rendered during the first year of coverage for, or as a result of, any ailment, disease, or physical condition, the symptoms of which exhibit themselves before the Original Effective Date; . . . ”
The evidence here establishes the condition resulting in the hospitalization of the insured’s wife pre-existed the policy. The policy was effective May 15, 1975. On that day, the wife saw a medical doctor. The doctor hospitalized her for further treatment on May 19. The doctor testified that the wife’s condition arose a “few weeks” prior to May 19 and resulted in the hospitalization because of gradually increasing pain.

. This section reads:
“(b) No claim for loss incurred commencing after three years from the date of issue of this policy shall be . denied on the ground that a . . . physical condition . . . had existed prior to the effective date of coverage of this policy.”