LOTTINGER, Judge.
This is a suit by representatives of the Estate of Hollis G. Borer to collect hospitalization and medical benefits under two policies of insurance issued by the defendant, Louisiana Health & Indemnity Company (Blue Cross). From a trial court judgment granting recovery, Blue Cross appeals.
The issue on appeal is whether Blue Cross can raise the defense of pre-existing illness when it failed to attach copies of the insurance applications to the policies.
Hollis G. Borer became insured by Blue Cross under an individual hospitalization and medical policy around October 28, 1977. As an employee of Sizeler Realty, he became insured under that company’s group policy on April 1, 1978. Although applications were submitted by Mr. Borer for each of the policies, neither policy had an application attached to it when delivered to Mr. Borer. A complete copy of the individual policy was mailed to Mr. Borer. The group policy, however, was reflected by a certificate of insurance issued to him by Blue Cross through his employer. Under this state’s jurisprudence, the certificate is considered to be the policy. Smith v. North American Company for Life, Accident and Health Insurance, 306 So.2d 751 (La.1975).
Mr. Borer was admitted into Baton Rouge General Hospital on May 3, 1978, where he underwent extensive tests and gall bladder surgery. He died in the hospital on June 13, 1978, from causes which his physicians were unable to specifically ascertain.
*586 Mrs. Borer filed claims with Blue Cross for almost $20,000.00 in hospital and medical expenses, but Blue Cross refused payment on the grounds that Mr. Borer’s demise was caused by a condition which existed prior to issuance of the policies and which resurfaced within one year of the issuance of the policies. An exclusionary clause printed upon the face of the individual policy and on the face of the group base policy provides that:
“No Health Care Allowance will be provided for:
“1. services rendered during the first year of coverage for or as a result of, any ailment, disease, or physical condition, the symptoms of which exhibit themselves before the Original Effective Date; ...”
This suit was filed on February 15, 1979, for hospital and medical bills totaling $20,-248.34. The plaintiffs also sought penalties and attorney’s fees for arbitrary and capricious failure to pay the claims. The trial court rendered judgment in favor of the plaintiffs under the group policy for $17,-333.34 plus 12% penalties and $5,000.00 in attorney’s fees. He also rendered judgment in favor of the plaintiffs under the individual policy in the sum of $17,797.34 plus 12% penalties and attorney’s fees for $5,000.00.
On appeal, Blue Cross claims the trial court erred (1) in refusing to allow the introduction and consideration of evidence of the existence of a condition which preexisted the effective date of the policies in question, (2) in holding that an application for insurance should have been attached to the group policy in order for Blue Cross to be permitted to assert the defense of preexisting condition, (3) in failing to find plaintiff was suffering from a pre-existing condition, and (4) in finding Blue Cross arbitrary and capricious.
ERRORS NOS. 1, 2 AND 3
Blue Cross claims that it should be allowed to raise the defense of pre-existing illness under the clear wording of the exclusionary provisions in both policies. Failure to attach the applications to the policies prohibits the introduction of the applications into evidence, and not the introduction of evidence relating to the pre-existing exclusion, the company asserts, citing La.R.S. 22:618 which prohibits the introduction of an application unless the application is attached to or otherwise made a part of the policy when issued.
The plaintiffs contend, however, that failure to attach the application precludes the insurance company from raising any defense dealing with pre-existing conditions. They cite Smith, supra; and Truelove v. Blue Cross of Louisiana, 356 So.2d 1113 (La.App. 2nd Cir. 1978), writ denied, 358 So.2d 644 (La.1978). At trial, the plaintiffs objected to the introduction of any evidence regarding Mr. Borer’s pre-existing condition, and the trial judge sustained the objections, although allowing the evidence to be introduced under a proffer for appellate purposes.
In the Smith case, supra, the insurance company issued a certificate of credit, accident and health insurance to the plaintiff but failed to attach a copy of the application to the certificate. Prominently printed across the face of the certificate was the clause “disability caused by pre-existing conditions is not covered.” The certificate also stated that it insured against “sickness or disease contracted and first manifesting itself after the effective date and prior to the expiration date” of the certificate. The trial judge admitted a copy of the application form into evidence and ruled against the plaintiff. The Supreme Court reversed, holding that the trial court erroneously admitted the application into evidence. “Thus all evidence concerning pre-existing conditions not disclosed in the application which may have resulted in [the insured’s] disability ... was improperly considered,” the court held. “Failure to disclose that evidence is not available to the insurer as a defense because a correct copy of the application for insurance was not ‘attached to or otherwise made a part of the policy.’ ” 306 So.2d at 754. Relying on two older cases interpreting the predecessor provisions of La.R.S. 22:618(A), the Supreme Court said *587 the spirit of the current legislation requiring the application to be attached to the policy is not satisfied by any clause or provision in the base policy which is not delivered to the insured. See Fisette v. Mutual Life Ins. Co., 162 La. 620, 110 So. 880 (1926); and Whitmeyer v. Liberty Industrial Life Ins. Co., 166 La. 328, 117 So. 268 (1928). The court went on to say that, “it is unnecessary to consider whether [the insured] had a pre-existing condition prior to the effective date of the insurance which was responsible for his disability.”
Relying on Smith, the Second Circuit in Truelove, supra, held that evidence of a pre-existing condition is inadmissible when a correct copy of the insurance application is not attached to the policy, even though the insurer defends solely and exclusively on the basis of an exclusion as authorized by another provision of the insurance code. See La.R.S. 22:213(A)(13)(b). The Truelove court cited its previous decision in Henderson v. Minnesota Mutual Life Insurance Company, 347 So.2d 53 (La.App. 2nd Cir. 1977), writ denied, 351 So.2d 167 (La.1977) wherein it held that the “all-inclusive nature of the Smith decision also precludes consideration of whether or not plaintiff had a pre-existing condition, prior to the effective date of the insurance, which was responsible for his disability.” 347 So.2d at 55.
In the case at bar, Blue Cross claims that the Second Circuit in Truelove and Henderson went too far in relying on Smith for the propositions expounded in those cases. Blue Cross would limit the Smith decision to a holding that only the application is inadmissible when it is not attached to the policy.
Although La.R.S. 22:618(A) speaks only in terms of admissibility of the application which is not attached to the policy, the Smith decision makes a broader sweep. Under the ruling in Smith, “all evidence concerning pre-existing conditions not disclosed in the application” is inadmissible. Our brethren on the Second Circuit recognized the “all-inclusive nature” of Smith and we must agree with their interpretation. Failure to attach an application to a policy when issued precludes the insurance company from introducing any evidence concerning pre-existing condition even though the policy itself contains a pre-exist-ing condition exclusionary clause. Therefore, we find these specifications of error to be without merit.
ERROR NO. 4
Under La.R.S. 22:658, an insurer who fails to make payment within 60 days of proof of demand and whose failure to pay is found to be “arbitrary, capricious, or without probable cause” is subject to a penalty of 12% of the total amount of the loss plus reasonable attorney’s fees for prosecution and collection of the money. The trial court in this case found that the penalty and attorney’s fees provision should apply because the insurer herein is the same company as the insurer in the Truelove ease, and the company should have known that its position was untenable.
Blue Cross contends that it was not arbitrary and capricious in denying coverage because its claims personnel and staff nurses believed the applications had been attached to the policies. When a claim for benefits is submitted a staff of registered nurses reviews the medical information submitted with the claim and makes a decision as to coverage. The company asserts that when the Borer claim was submitted, two medical reports accompanying the claim clearly indicated that Mr. Borer had been suffering from pre-existing coronary artery disease with arrythmia and from a lingering gall bladder illness. The company says it was reasonable for a nurse and claims personnel to consider these conditions preexisting, thereby invoking the exclusionary provision of the policies. The company further claims that “it would be improper to hold claims personnel responsible for knowledge of whether or not an application for insurance was attached to a policy when delivered to an insured....” The head of Blue Cross’s claims division testified that his department is aware of Blue Cross’s standard procedure of attaching applica *588 tions to the policies and that he and his staff should be able to depend upon those procedures being carried out.
Whether an insurance company’s claims personnel or nursing staff knows or believes that an application has or has not been attached to a policy does not control the issue of whether a company is arbitrary or capricious in denying benefits. If it is the policy of a company to attach applications to the contracts when issued, then claims personnel and nursing staffs would in almost all cases be justified in believing that the application had been attached. If such knowledge was the primary factor in determining whether attorney’s fees and penalties should be awarded, there would be few cases in which the penalty provision could be invoked.
The primary factor for determining whether penalties and attorney’s fees will be awarded is whether the application is in fact attached to the insurance policy — not whether claims personnel or nursing staffs believed that an application has been attached pursuant to a company’s administrative procedures. Blue Cross should have determined whether or not the applications were attached to the policies. Upon discovering that they were not attached, the company was bound to pay the benefits. This is so because Blue Cross was the insurance company involved in the Truelove case, supra, and Blue Cross was found liable in that case on the same issue which is before the court in this case. As indicated in the Truelove citation, supra, writs were denied by the Louisiana Supreme Court. Having litigated the issue in another circuit in a case in which writs were denied, Blue Cross was bound to pay the benefits due under the policies or to take the risk that the Truelove case would be followed by this circuit with the subsequent imposition of penalties and attorney’s fees. The company took the risk and lost. It was arbitrary and capricious in refusing to pay the amounts sought by the Borers, and the trial court’s award for penalties and attorney’s fees will be affirmed.
Therefore, for the above and foregoing reasons, the decision of the trial court is affirmed in all respects. Blue Cross will bear the costs of this appeal.
AFFIRMED.