11 STEWART, Judge.
This is an action for death benefits under a health and accident group policy issued.to the deceased, Robert E. Suluki, by the defendant Veterans Life Insurance Company (Veterans). Plaintiff, Kenyatta Suluki (Kenyatta), as the sole heir to his father’s estate, began this action to collect the policy amount contending that the decedent failed to designate a beneficiary and therefore, the benefits *53 are payable to the estate. The trial court declared the decedent’s mother, Mrs. Beneva Crain, the beneficiary. The plaintiff appeals. For the reasons below, we affirm the trial court’s judgment.
FACTS
Robert E. Suluki, the decedent, was the owner of several group policies issued by Veterans. Veterans mailed a solicitation to Robert Suluki to determine Ms interest in additional group benefits. Responding to Mr. Suluki’s interest, on May 19, 1989, Vanessa McCoy, an employee of Britcom, a company that often works in conjunction with Veterans by completing and transfering applications to Veterans, took Mr. Suluki’s telephone application. The enrollment/application form required Ms. McCoy to insert the name of the beneficiary, the relationship, the decedent’s date of birth, age, etc. In response to those questions, Ms. McCoy inserted the following: Beneva Crain, mother, 06/18/43, and 43, respectively. Veterans then used the enrollment application to issue the certificate of insurance dated June 1, 1989. The face of the policy provided for payment of a $20,000.00 to Suluki’s estate, unless otherwise specified.
Veterans did not name a beneficiary on the face of the policy nor did any written document signed by Robert E. Suluki name a beneficiary on the policy. Robert Suluki paid premiums throughout the remainder of 1989, and the following year until November 4, 1990, when he was killed in a motor vehicle accident.
On December 3,1990, Kenyatta Suluki, the decedent’s son, was judicially declared the sole benefactor of Robert E. Suluki’s estate. Both Kenyatta Suluki and Beneva Crain filed proof of claims. Veterans determined that Mrs. Crain was the beneficiary and paid the death benefits to her on April 1,1991.
Kenyatta Suluki filed this action maintaining that the insurance company should pay him as the heir to his father’s estate. A trial was held on August 8, 1994. Over the plaintiff’s objection, the trial court admitted into evidence the enrollment/application form that was neither signed by the insured nor delivered with the policy. Again the plaintiff objected on the ground of hearsay. The trial court admitted the form under La. C.E. art. 803(6), the “business records” exception to the hearsay rule.
Veterans called Mrs. Crain as a witness for the defense. She testified that several months before her son’s death he discussed insurance with her and said that he had a policy for her if something happened to him. The decedent gave her a card with the Veterans insurance name, address, and telephone number showing where to call in case of a claim. Mrs. Crain testified that she and her daughter called the defendant to request a claim form. Upon receipt of the form, they completed it and submitted it to the company. She verified that she received the proceeds in a sum of $20,000.00 on April 1,1991.
Veterans’ employee Robert Stafford also testified at the trial. He testified that the records submitted were authentic and that they used all the normal and regular procedures in processing this claim. Since Veterans’ records designated Beneva Crain as the beneficiary of her son, she was entitled Uto the proceeds. The trial court’s judgment stated that Mrs. Crain was the proper beneficiary under the policy. The plaintiff appeals the trial court’s judgment.
DISCUSSION
Plaintiff-appellant contends that the trial court erred by admitting into evidence to prove the beneficiary under an insurance policy an application/enrollment form neither signed by the insured nor delivered with the policy. Veterans argue that the intent of the decedent is not questionable. The question for review is whether Veterans must attach the enrollment application to the policy to show that Mrs. Crain is the beneficiary.
Neither party disputes that the form was not made a part of nor attached to the policy delivered to the decedent. At the trial, Veterans introduced into evidence the enrollment form. The plaintiff objected on hearsay grounds and argued that the phone representative, who solicited the policy, neither testified at the trial nor did any witness to the conversation testify. The trial court *54 admitted the application under the “business records” exception to the hearsay rule.
LSA-R.S. 22:616. in pertinent part provides:
No life or health and accident insurance contract upon an individual, except a contract of group life insurance or of group or blanket health and accident insurance as defined in this Code, shall be made or effectuated unless at the time of the making of the contract the individual insured, being of competent legal capacity to contract, in -writing applies thereto or consents thereto
[Emphasis added]
The statute does not make a writing mandatory to contract a life, health, or accident policy. Rather, the statute provides that the individual seeking insurance may contract by writing or by consent to the policy. Obviously, the decedent consented to the policy. First, Robert Suluki provided the requisite enrollment information via the ■ telephone. Second, he delivered the claim card to his mother so that she could contact the defendant if a claim needed to be | ¿filed. Third, the decedent continued to pay the policy premiums until his death in November of 1990. Robert Suluki intended that the beneficiary to the health and accident group policy be his mother, Mrs. Beneva Crain.
In the trial court’s reasons for judgment the court outlined the legislative history of the statute. LSA-R.S. 22:618(A), as amended in 1989 provides in pertinent part:
A. No application for life or health and accident insurance shall be admissible in evidence in any action relative to the policy or contract, unless a correct copy of the application was attached to or otherwise made a part of the policy, or contract, when issued or delivered. This provision shall not apply to policies or contracts of industrial insurance subject to R.S. 22:213(A)(1) and 259(2).
Prior to the amendment, the statute, as enacted in 1948 and as amended in 1958, read as follows:
No application for the issuance of any insurance policy or contract shall be admissible in evidence in any action relative to such policy or contract, unless a correct copy of the of the application was attached to or otherwise made a part of the policy, or contract, when issued and delivered. This provision shall not apply to policies or contracts of industrial insurance subject to R.S. 22:213(A)(1) and 22:259(2). (Acts 1948, Nos. 195 & 14.08; Acts 1958, Nos. 98 and 125)
The source law prior to the enactment of the Insurance Code of 1948 is found in the following legislative acts. It reads as follows:
Section 1. Be it enacted by the General Assembly of the State of Louisiana that Act 52 of 1906, an act entitled “An Act requiring life insurance policies to contain the entire contract between the company and the assured; statement purporting to be made by the assured to be representations and not warranties,” be amended and re-enacted so as to read as follows:
Section 2. Be it enacted, etc., That every policy of insurance issued or delivered within the State on or after the first day of January, nineteen hundred and seven, by any life insurance corporation doing business within the State shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules application or other writings unless the same are endorsed upon or attached to the policy when issued; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties, and no statement |5or statements not endorsed upon or attached to the policy when issued. Any waiver of the provisions of this section shall be void. (Acts 1916, No. 227)
Section 1. Be it enacted by the General Assembly of the State of Louisiana, that every policy of insurance issued or delivered within the State on or after the first day of January, nineteen hundred and seven, by any life insurance corporation doing business within the State shall contain the entire contract between the parties and nothing shall be incorporated therein, by reference to any constitution, by-laws, rules, application or other writings unless the same are endorsed upon or attached to *55 the policy when issued; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties. Any waiver of the provisions of this sections shall be void. (Acts 1906, No. 52)
The purpose of the statute is to enable the insured or his beneficiary to have in their possession the entire evidence of the contract. The insured is then protected against statements appearing on the insurance contract that the insured did not make. Smith v. North American Co. For Life, Acc. & H. Ins., 306 So.2d 751 (La.1975) citing Fisette v. Mutual Life Ins. Co., 162 La. 620, 110 So. 880 (1926) and Whitmeyer v. Liberty Industrial Life Ins. Co., 166 La. 328, 117 So. 268 (1928). It is clear from the statute and the legislative intent that the legislature did not intend the statute to prevent a party from introducing an unattached application for a limited purpose outside the intent of the statute.
Besides the “business records” exception to the hearsay rule, the trial court relied upon Covington v. Prudential Ins. Co., 136 So.2d 731 (La.App.2d Cir.1961). In Covington, supra, the trial court admitted the application, which had not been made part of the contract when the policy was issued. The appellate court did not find that the trial court was erroneous in admitting into evidence the application for the limited purpose of proving the beneficiary under the policy. This court stated “... our jurisprudence permits the offering of written documents in evidence for restrictive purposes ...” Covington, supra at 734. | ^Succession of Murray, 41 La.Ann. 1109, 7 So. 126 (1889); Morgan v. Agricultural Enterprises, 127 So.2d 335 (La.App. 2d Cir.1961).
Therefore, we conclude that the trial court did not abuse its discretion in admitting the application for the limited purpose of proving the beneficiary. After examination of the enrollment form, it is clear that on May 19, 1989, the decedent was contacted about purchasing the policy in question. Inserted in the appropriate blanks was the decedent’s name, address, sex, date of birth, age, and coverage under the plan as an individual. In the caption “Name your beneficiary,” the name of Beneva Crain is written in the blank. The beneficiary’s relationship to the insured is noted under the appropriately titled caption. The word “mother” is written in the blank. Evidently, the decedent intended that Beneva Crain, Mr. Suluki’s mother, was to be the designated beneficiary on the application. Therefore, we conclude the trial court did not abuse its discretion in naming Mrs. Crain the beneficiary of the decedent’s policy.
This assignment is without merit.
As appellant’s first assignment of error has fallen, the remaining assignment of error is without merit.
DECREE
For the foregoing reasons, we conclude the trial court did not abuse its discretion by finding Mrs. Beneva Crain the beneficiary under the decedent’s accident and health policy. The judgment appealed is affirmed at appellant’s cost.
AFFIRMED.
NORRIS, J., dissents with written reasons.